ADAM HAT STORES, INC., Appellant, *v.* FRANK LANG and Another, Respondents.

Supreme Court, Appellate Term, First Department, May 10, 1935.

*Herman Vogel*, for the appellant.

*A. Spencer Feld*, for the respondents.

PER CURIAM.   Defendants robbed plaintiff's store and deposited the proceeds of the robbery in a bank.   They pleaded guilty of the crime.   Plaintiff procured a warrant of attachment and levied on the bank deposit.   The sole ground recited in the warrant was the threatened removal by defendants of their property in fraud of creditors.   No facts were contained in the papers on which the warrant was issued to support this ground.   Defendants moved to vacate the warrant, not on the original papers, but on affidavits containing allegations to contradict plaintiff's contention.   This procedure warranted the receipt of new proof by plaintiff to support the attachment.   (Civ. Prac. Act, §§ 949, 950.)   There was ample new proof supplied showing that the defendants had attempted to assign the bank deposit representing the stolen moneys to a third person despite the fact that they must have well known that plaintiff alone was entitled thereto.   This was sufficient ground for an attachment.   (Civ. Prac. Act, § 903, subd. 3.)   Under section 950 of the Civil Practice Act the new proof might have been limited to matters tending to sustain the ground of attachment recited in the warrant if the substantial rights of the parties so required.   Clearly there was no such requirement here.   The circumstances required a more liberal view and the warrant should have been amended to conform to the new proof.   (Civ. Prac. Act, § 822.)

In addition, the notice of motion to vacate recited merely that the papers on which the warrant was issued failed to comply with section 902 of the Civil Practice Act.   This section relates to the kind of actions on which attachments may issue.   The present action is one on implied contract and within the section.

Order reversed, with ten dollars costs, and motion denied.

All concur: present, HAMMER, CALLAHAN and SHIENTAG, JJ.