BARD-PARKER COMPANY, INC., Appellant, *v.* DICTOGRAPH PRODUCTS COMPANY, INC., Respondent, Impleaded with THE PROGRESS CORPORATION and Others, Defendants.

First Department, February 16, 1940.

*David M. Neuberger* of counsel [*Murray Ratner* with him on the brief], for the appellant.

*Ira M. Belfer* of counsel [*Theodore F. Tonkonogy* with him on the brief; *Stanley Osserman*, attorney], for the respondent.

COHN, J. The action is to recover the sum of $63,601.23 as damages for breach of a contract by the terms of which plaintiff

agreed to and did manufacture for Dictograph certain cutters for use on an electric razor commercially known as the Packard Lifetime Lektro Shaver made under United States letters patent granted to one Aaron. The warrant of attachment was issued against the property of Dictograph upon the ground that it is a foreign corporation.

Dictograph moved to vacate the warrant upon the following grounds: (1) That the causes of action set forth in the complaint were released and satisfied prior to the commencement of this action and (2) that the complaint is defective and insufficient in law.

The releases relied upon were given by plaintiff in connection with an agreement of settlement made on November 3, 1938, between all the parties to this litigation. Under this settlement, plaintiff released defendants from all claims under the contracts which are the subject-matter of this action and in return therefor plaintiff received the following considerations: (1) Approximately 100,000 unfinished cutters and parts in the plaintiff's possession which were in process of manufacture by plaintiff for Dictograph for use on the Packard electric razors; (b) certain machinery and equipment in plaintiff's possession; (c) a license agreement to manufacture under the Aaron patent.

In opposition to the motion to vacate the warrant of attachment, plaintiff showed that prior to the commencement of this action it had repudiated the agreement of settlement and offered to return the purported considerations received by it thereunder. This tender was rejected by Dictograph. The affidavits submitted by plaintiff presented facts in justification of its repudiation of the settlement agreement upon the ground of fraud; they supported plaintiff's claim that the releases fraudulently obtained did not defeat its action or its right to an attachment.

The Special Term vacated the warrant of attachment holding that until the general releases are set aside they defeat the plaintiff's right to obtain the provisional relief. We believe that this ruling is erroneous as plaintiff's position in the circumstances of this case is no different from what it would have been if there were no release involved.

Plaintiff has shown that the releases were voidable because they were tainted with fraud in the treaty. Being voidable, they were an absolute bar to an action unless annulled. (*Gilbert* v. *Rothschild*, 280 N. Y. 66, 72.) However, in its affidavits, plaintiff also showed that prior to the commencement of the action it had repudiated the releases for the defendants' fraud; that it had offered to return without qualification the considerations received by it thereunder; and that such offer had been rejected by defendants. These acts

on the part of plaintiff in disaffirming the releases constituted a legal rescission. (*New York Life Ins. Co.* v. *Sisson,* 19 F. [2d] 410.) Such rescission reinvested plaintiff with the rights which it possessed before the releases were executed. Thereafter plaintiff had the right to sue on the original cause of action on which the warrant of attachment had been predicated. (*Gould* v. *Cayuga County National Bank,* 86 N. Y. 75, 84; *Urtz* v. *New York Central & H. R. R. R. Co.,* 137 App. Div. 404.) So far as the right to sue on the original cause of action and the right to avail itself of the provisional remedies provided by law, plaintiff's status, in view of its rescission, was then the same as though there had never been any releases.

Though a cause of action such as the plaintiff has brought is generally referred to as one at law based on a rescission, it is unnecessary for plaintiff in its complaint to allege that it rescinded the releases. To plead rescission plaintiff would be constrained to anticipate the defense of release and to set forth matter tending to invalidate the releases. There is no such requirement. (*Metropolitan Life Ins. Co.* v. *Meeker,* 85 N. Y. 614; 53 C. J. 1271, Release, § 90.) Furthermore, since plaintiff showed that it had an adequate remedy at law, equitable relief for a rescission was not available to it. (*Schank* v. *Schuchman,* 212 N. Y. 352.)

There is no provision in law which obligates a party seeking an attachment to apprise the court of any defense or defenses which he believes the one whose property is sought to be attached may interpose to the cause of action. In this connection, the statute merely requires, in the affidavit in support of the application for an attachment, a statement that the sum claimed is due over and above all counterclaims known to the plaintiff (Civ. Prac. Act, § 903), and even this requirement has been held to mean only that the sum claimed is due over and above all counterclaims which plaintiff is willing to concede as just. (*Kinsley S. S. Lines, Inc.,* v. *Atwater & Co., Inc.,* Spec. Term, Part 1, N. Y. Co. 1923, Co. Clerk's Index No. 2850, opinion by Lehman, J.; affd., 206 App. Div. 756; *Bloom* v. *Wrought Iron Novelty Corporation,* 128 Misc. 460.)

Upon a motion to vacate an attachment, the court should not attempt to decide in advance the merits of the controversy by vacating the attachment unless the complaint and affidavits clearly indicate that the plaintiff must ultimately fail. (*Jones* v. *Hygienic Soap Granulator Co.,* 110 App. Div. 331; *Allied Manufacturers, Inc.,* v. *Zurn,* 165 id. 975. See, also, *Wulfsohn* v. *Russian Republic,* 234 N. Y. 372, 377.) An examination of the record here does not justify the conclusion that plaintiff cannot succeed in the action. The complaint is sufficient, and plaintiff has established prima facie that the releases were fraudulently obtained and had been disaffirmed and rescinded. The validity of the warrant of attachment should accordingly have been sustained.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to vacate the warrant of attachment denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.