DANSKER REALTY & SECURITIES CORP., Plaintiff, *v.* CARY L. WELLINGTON, Defendant.

Supreme Court, Special Term, Kings County, January 12, 1948.

*Max J. LeBoyer* for plaintiff.

*Charles Gottlieb* for defendant appearing specially.

FROESSEL, J. The plaintiff brought suit to recover of the defendant the sum of $3,142 on three counts: (1) damages in the sum of $2,842 for the defendant's breach of a written agreement to sell a certain mortgage owned by him, (2) to recover the reasonable value of the services rendered by the plaintiff in connection with such transaction, plus the cost of a title search, and (3) to recover the sum of $300 advanced by the plaintiff to the defendant on account of the aforesaid transaction.

On August 27, 1947, plaintiff obtained a warrant of attachment, upon the ground that the defendant " being a natural person, has departed from the State of New York with intent to evade the service of a summons, or keeps himself concealed therein with like intent, and likewise thereby with the further intent of defrauding his creditors and particularly the plaintiff herein." (Civ. Prac. Act, § 903, subd. 2.) By an order dated September 26, 1947, the court directed the service of the summons and complaint in this action upon the defendant by publication upon the same grounds as those upon which the warrant of attachment was predicated, it being alleged that a bank account of the defendant at the Astoria branch of the Bank of Manhattan Company had been levied upon under the aforesaid attachment, and that the defendant has failed to communicate with the plaintiff or its attorney since such levy, or to make an appearance in the action, or to serve an answer to the complaint therein.

By an order to show cause dated November 28, 1947, three months after the granting of the warrant, the defendant, appearing specially, has moved upon the original papers and additional proofs (a) to vacate the warrant of attachment upon the ground that at the time that it was issued, he " had not departed or was not about to depart from the State of New York with intent to avoid service of a summons "; that he " did not keep himself concealed with the intent to avoid service of a summons "; and that the plaintiff had " failed to comply with Section 906 of the Civil Practice Act in that it had failed to serve copies of Exhibits A and G ", annexed to the affidavit of Norman Dansker, verified August 25, 1947, which was one of the affidavits upon which the warrant was issued, and (b) to vacate the order of publication, dated September 26, 1947, and the alleged service of process pursuant thereto, and to dismiss the complaint, on the ground that at the time that said order was made " the defendant herein had not attempted to depart from the State of New York, with intent to defraud his creditors ", had " made no attempt to depart from the State of New York, to avoid service

of the summons herein ", and " did not keep himself concealed within the State of New York to avoid service of the summons herein "; and that although the sheriff had attempted to levy upon the defendant's property within the State of New York, said levy was attempted " under a warrant of attachment improperly granted in this action."

It would serve no useful purpose to repeat even in a summary form the various contentions urged by both parties in their voluminous papers. I am satisfied from a reading of the entire record that this was a proper case for the issuance of a warrant of attachment and an order permitting the service of process by publication, and that there are more than ample facts in the record to justify the denial of this application *in toto.*

In brief, the defendant's position is that he did leave the State, first, " about May 28, 1947, for the Dominican Republic " returning " the end of June, 1947 ". He left New York again on or about July 11, 1947, for California, returning about September 1, 1947, whereupon he lived on his yacht in Stamford, Connecticut, during September and October, 1947. Defendant further claims that he was " without any residence in the metropolitan area at that time "; that he could not find a home and expected to resume business travel within a short time; and that there is no credible proof that he absented himself from the State for the purpose of defrauding creditors or avoiding the service of process upon him. He further maintains that when he first left the State the plaintiff was not yet his creditor, and, secondly, the address in Astoria, where the papers in support of the warrant and order of publication claim that he resided, was not his residence inasmuch as on or about December 27, 1946, he had given up his residence at that address by selling the furniture to one Sol Pearl, who thereafter moved in and occupied the apartment and still occupies it in his own right.

Upon a motion of this character, it is not the function of the court to decide in advance the merits of the controversy unless the complaint and the affidavits " clearly indicate that the plaintiff must ultimately fail." (*Bard-Parker Co.* v. *Dictograph Products Co.*, 258 App. Div. 638, 640.) It cannot be said that upon the record herein the plaintiff must ultimately fail in this action. Certainly on the face of the papers before me, the plaintiff was a creditor of the defendant in June of 1947, and when the orders herein sought to be vacated were made the action was not premature. Nor has the defendant shown that he was not, as claimed by the plaintiff, a resident of the Astoria address (30–06 29th Street) at the time that the warrant and orders

were obtained. The opposing papers contain incontrovertible proof, mostly documentary in nature, that the defendant, in writing, designated that as his residence, as late as July 11, 1947, and that he was reached at that address by mail at or about that time. His explanation is rather naive when, in reply to his attorney's cable with respect to this proof, he answered "Lived in Trailer Had No Residence Felt Like Gypsy To Avoid Explanations Used 3006 Because It Was My Last Fixed Residence." Since the defendant's motion is predicated on new proof tending to contradict that submitted by the plaintiff originally, the court is justified in receiving the new proof on the part of the plaintiff to sustain the attachment. (Civ. Prac. Act, §§ 949, 950; *Adam Hat Stores, Inc.*, v. *Lang*, 155 Misc. 587.)

Assuming, however, that defendant was not a resident at this address at the time the orders challenged were made, his entire application is predicated upon alleged facts which would render him a nonresident of the State at the time that these orders were made. If that be the case, then the warrant was properly issued under subdivision 1 of section 903 of the Civil Practice Act which authorizes a warrant of attachment if the defendant is either a foreign corporation "or not a resident of the state". The test of residence under the attachment statute is actual place of abode, whether temporary or permanent. (*Zenatello* v. *Pons*, 235 App. Div. 221.) Upon this application, the court is not required to limit the proofs to matters tending to sustain the grounds for the attachment recited in the warrant, unless "the substantial rights of the defendant shall so require". (Civ. Prac. Act, § 950; *Adam Hat Stores, Inc.*, v. *Lang, supra*.) It is evident that there is no such requirement here and the circumstances require a liberal view. Since there was sufficient proof in the record to support the ground upon which the warrant was issued, and the grounds urged by the defendant for vacatur would merely place him into a different subdivision of section 903 of the Civil Practice Act, which likewise justifies the issuance of the attachment, the defendant's contention in that respect is wholly without merit.

As to the alleged failure of the plaintiff to serve the exhibits referred to in one of the affidavits upon which the warrant was issued, that defect, if any, was cured as it appears that the defendant was heretofore served and is in possession of all the papers and exhibits upon which the warrant was issued and the attachment levied. Moreover, section 906 of the Civil Practice Act renders the vacatur of a levy *discretionary* where a copy of

all papers designated as comprising the proof upon which a warrant has been granted is not served as demanded.

I am satisfied that the demand of October 14, 1947, attached to the moving papers was substantially complied with and, as a matter of discretion, the motion is denied. Inasmuch as the defendant in his papers has asked for additional time to answer, should the motion be denied, he will be allowed ten days to do so upon payment of $10 costs.