Louis L. Friedman, J.
Motion is made to vacate a warrant of attachment on the ground that it is jurisdictionally defective. In the alternative, defendants ask the court to permit an undertaking to be filed and, thereupon to vacate the attachment.
The basis for this motion is that the action is not one of those contemplated by the provisions of sections 902 and 903 of the *363 Civil Practice Act, since the plaintiff is not a creditor within the meaning of those sections.
An analysis of the plaintiff’s complaint indicates that the individual defendant, together with three others who are not parties to this action, were charged by the plaintiff with “ theft, fraud and concealment ” of certain personal property; that as a result of said charge the defendant and these others, were arrested; that the criminal proceeding is still pending in the Felony Court of Kings County; that property which is claimed to be plaintiff’s, of the value of $2,000, was seized on defendant’s premises by the police and returned to the plaintiff. Some of these facts are found in the papers now before the court. Based upon this claim, a warrant of attachment was issued out- of this court against defendant’s property, and such property, to the extent of $32,046, was levied upon. Asserting now that such levy has tied up its yarn business, so that it cannot operate while same remains in force, defendants make the present application.
An examination of the complaint and all of the facts before this court, when read together with sections 902 and 903 of the Civil Practice Act, indicates that plaintiff is a creditor within the meaning of those sections. Plaintiff has shown the existence of a cause of action specified in the act, and the existence of a circumstance which is specified in section 903 (see Seventh Annual Beport of N. Y. Judicial Council, 1941, p. 405). The court is satisfied that the papers upon which the warrant of attachment was issued, show compliance with the requirements of the act.
Considering now the question as to whether plaintiff may be deemed a creditor of defendants, there seems to be agreement between the parties that there never was any business relationship between them. However, in section 270 of the Debtor and Creditor Law it is said: “ ‘ Creditor ’ is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.” (Emphasis supplied.) The words “ any claim” applies such definition to the status in which plaintiff finds itself and accordingly, on the basis of the complaint, plaintiff may be deemed a creditor under such definition.
In Adam Hat Stores v. Lang (155 Misc. 587, 588) defendants entered a plea of guilty to a crime, which involved stealing funds, and of having deposited the proceeds of the larceny in a bank. Plaintiff in that case procured a warrant of attachment against the funds in the bank account, reciting as the sole ground for its application that the defendants threatened to remove their *364 property in fraud of creditors. Other than this bald allegation, the papers contain no facts to support this contention. Defendants thereupon moved to vacate the warrant, and since the motion was not based only on the original papers, plaintiff was able to supply new proof to support the attachment. The Appellate Term, First Department, reversed an order of the Municipal Court vacating the warrant and denied the motion to vacate. In a Per Curiam opinion, the court stated (p. 588): ‘ There was ample new proof supplied showing that the defendants had attempted to assign the bank deposit representing the stolen moneys to a third person despite the fact that they must have well known that plaintiff alone was entitled thereto. This was sufficient ground for an attachment. (Civ. Prac. Act, § 903, subd. 3.) ”
The present proceeding differs only in that the criminal proceeding against this defendant is still pending.
Plaintiff acknowledges that the police have returned the seized yarn which was valued at $2,000. Plaintiff claims, however, that in addition to finding this yarn, the police found and removed 15 empty cartons from defendant’s premises, and that these cartons had originally contained yarn which was valued at about $10,000. Annexed to plaintiff’s affidavits in opposition to the present motion, is a schedule in which plaintiff makes claim that 84 cases of yarn were stolen from it over a period of five months, and asks the court to infer from this schedule, that defendant may be liable for all of these cases. Plaintiff’s papers, however, fall far short of establishing defendant’s connection with its property beyond the $2,000 worth of yarn which was retrieved and' the merchandise which was contained in the 15 empty cartons. Perhaps upon a trial this issue may be resolved as a result of proof submitted, but upon this application, the court may not attempt to decide that question. Similarly, on a motion such as this to vacate the attachment the court may not decide the merits of the controversy, in advance of the trial unless the papers are clear that the plaintiff may not ultimately recover. (Nicolich v. E. Muniz Ferreira & CIA, 149 N. Y. S. 2d 662; Bard-Parker Co. v. Dictograph Produce Co., 258 App. Div. 638, 640.) Upon the papers before the court, it cannot be said that plaintiff must ultimately fail in this action, even though the court is unable at this time to determine the amount which may be recovered.
On the basis of the foregoing, the motion to vacate the warrant of attachment is in all respects denied. As an alternative relief, however, the warrant may be vacated upon the filing of a surety company bond in the amount of $10,000.
Settle order on notice.