Edgar J. Nathan, Jr., J.
Defendant, appearing specially, moves to vacate a warrant of attachment obtained in an action for damages for a breach of a charter party contract. The warrant of attachment was obtained upon the basis of an affidavit asserting the existence of a cause of action for a sum of money only.
The facts now disclose that prior to the application for the issuance of the warrant, plaintiff demanded arbitration of this dispute in accordance with the arbitration clause in the charter party contract. Each of the parties have selected arbitrators and they are in the process of appointing a third arbitrator to act as chairman. These facts were not disclosed to the court on the application for the warrant of attachment.
The court on a motion to vacate a warrant of attachment need only decide whether plaintiff has complied with the jurisdictional requirements of sections 902 and 903 of the Civil Practice Act. *498 It may not consider the merits of the action unless it is clearly esta! lished that the action must fail.
“ Certainly, it cannot be said that a plaintiff fails to state a prima facie cause of action merely because the contract upon which suit is brought contains an agreement to arbitrate. Defendant’s sole remedy is to apply for a stay of plaintiff’s action until the arbitration has been had ” (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 327).
The stay provided for in section 1451 of the Civil Practice Act is the exclusive remedy for a person against whom an action has been brought in violation of the agreement to arbitrate, and an attachment will not be vacated on the ground that the action is subject to arbitration (American Reserve Ins. Co. v. China Ins. Co., supra; see, also, Auerbach v. Grand Nat. Pictures, Ltd., 176 Misc. 1031).
The court is of the opinion that plaintiff has made a prima facie showing sufficient to sustain the warrant in this case, despite the facts disclosed upon this motion. Accordingly, the motion to vacate the warrant is denied.