The CHASE MANHATTAN BANK (NATIONAL ASSOCIATION), Plaintiff,

v.

BANQUE INTRA, S. A., Defendant.

No. 66 Civ. 4478.

United States District Court
S. D. New York.
July 13, 1967.

Milbank, Tweed, Hadley & McCloy, New York City, for plaintiff.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant.

*Opinion*

MOTLEY, District Judge.

This is a motion for an order, pursuant to Rule 12(b) Fed.R.Civ.P., dismissing the complaint herein and quashing the return of the summons on the grounds of lack of jurisdiction over the person of defendant and insufficiency of service of process on defendant.

The motion also seeks an order, pursuant to Rules 12(b) and 64, Fed.R.Civ. P., 28 U.S.C. § 1450, and CPLR § 6223, vacating the order of attachment herein, quashing the levies made pursuant thereto, and the return of all process issued in aid thereof, on the ground that the papers on which the order of attachment was issued are insufficient to confer jurisdiction upon this court in that they do not establish a *prima facie* cause of action in favor of the plaintiff against the defendant. The usual prayer for such other and different relief as to which defendant may be entitled is also included in the motion.

This action for unjust enrichment was commenced on November 3, 1966 when plaintiff obtained an order of attachment from the Supreme Court of the State of New York, County of New York. Defendant was served with the summons and complaint on November 28, 1966 in Geneva, Switzerland. On December 27, 1966, defendant filed a petition for removal of this action to this court. The removal of the action was not opposed by plaintiff.

## The Complaint

This action has its genesis in a financial transaction involving two Swiss banking corporations, to wit: the sale of $500,000 United States dollars by defendant to Credit Suisse in exchange for 2,168,750 Swiss francs. The complaint alleges that on or before October 13, 1966, defendant instructed Intra Bank, New York, a branch of a Lebanese corporation that owns not less than 51% of the outstanding capital stock of defendant, to draw a check upon itself in the amount of $500,000 payable to the order of plaintiff for the account of Credit Suisse. It further alleges that plaintiff's branch at Rockefeller Plaza at 49th Street in New York City received the check on October 13, 1966 and on that same day credited the face amount of the check to an account maintained by Credit Suisse at plaintiff's principal office. Credit Suisse was allegedly advised of such action by airmail on October 13, 1966, such advice being confirmed by cable on the following day. The complaint goes on to state that on October 15, 1966, the Superintendent of Banks of the State of New York purported to take possession of the property and business of Intra Bank, New York. It is further alleged that on October 17, 1966 and October 18, 1966 plaintiff duly presented the check for payment by Intra Bank, New York, but such payment was refused.

On October 17, 1966, plaintiff informed Credit Suisse that it was unable to obtain payment of the check and requested authorization to debit the account of Credit Suisse in an amount equal to the credit. The same request was repeated one week later. According to the complaint, Credit Suisse informed plaintiff: 1) that it had made the proceeds of the credit available to defendant; 2) that it has since requested defendant to refund such proceeds; 3) that defendant has not made repayment in whole or in part; and 4) therefore, Credit Suisse must refuse all requests of plaintiff for authority to debit its account in the amount of the credit. In addition, plaintiff alleges that it has demanded that defendant reimburse plaintiff in the amount of the credit and defendant has failed to do so. Plaintiff has set off the amount of defendant's balance in a current deposit account maintained by defendant at plaintiff's principal office, and sues here on a theory of unjust enrichment for the remainder of the $500,000 allegedly still owing.

## Jurisdiction

In the first instance defendant, appearing specially, objects to the *in personam* jurisdiction of the court. No claim has been made that defendant is "doing business" in New York State. The controversy as to whether the court has *in personam* jurisdiction revolves around whether defendant is a "single act" defendant who has transacted business within the state within the terms of CPLR § 302(a) (1). To support the view that defendant is such a defendant, plaintiff relies upon a theory of agency whereby Intra New York was acting as the agent of defendant for the transaction out of which this cause of action arose.

The controversy is premature. It is not necessary to the maintenance of this action to resolve at this time the question of whether the court has *in personam* jurisdiction. Such a determination at this stage of the proceedings would be both undesirable and unnecessary. It would be undesirable since there has not been opportunity for full exploration of and offers of proof on the relationship between Intra New York and defendant—both generally and for the purposes of the transactions here involved.

Such a determination would be unnecessary for it is abundantly clear from the papers already filed in this case that there is valid *quasi-in-rem* jurisdiction in this court. Plaintiff has scrupulously complied with the requirements of the New York Civil Practice Law and Rules so as to confer *quasi-in-rem* jurisdiction upon this court. CPLR §§ 6201, 6213, 314 subd. 3, 313. Having *quasi-in-rem* jurisdiction, the court may obtain *in personam* jurisdiction should Intra

Geneva proceed to defend the action. CPLR, Rule 320(c).

There being no need for *in personam* jurisdiction at this juncture, the motion to dismiss the complaint for its lack must be denied.

### Vacating the Attachment

■ Neither the determination of Mr. Justice Gold in granting the order of attachment that " * * * a cause of action for a money judgment exists in favor of plaintiff and against defendant", nor the view of the French court (dealing with a collateral matter in this case) as to the relationship of defendant and Intra New York, is binding upon this court should it appear for the first time upon a motion to vacate the attachment that the attachment was not made in conformity with state law or that there are state law grounds that justify vacating the attachment at this stage. 7 Moore, Federal Practice, ¶ 64.09[4] at 1542 (1966). See Hisel v. Chrysler Corp., 90 F.Supp. 655 (W.D.Mo.1950); Cleveland & Western Coal Co. v. J. H. Hillman & Sons Co., 245 F. 200 (N.D.Ohio 1917).

■ Under the law of New York it is settled that: " * * * the court should not attempt to decide in advance the merits of the controversy by vacating the attachment unless the complaint and affidavits *clearly indicate* that the plaintiff *must ultimately fail."* Bard-Parker Co. v. Dictograph Products Co., 258 App. Div. 638, 640, 17 N.Y.S.2d 588, 591 (1st Dept.1940). (Emphasis supplied). See also Montenegro v. Roxas, 141 N.Y.S.2d 681 (Sup.Ct.N.Y.Co.1955); Atlantic Raw Materials Inc. v. Almarex Products, 154 N.Y.S.2d 993 (Sup.Ct.N.Y.Co.1956); Compania Panamena Maritima San Gerassimo, S.A. v. International Union Lines, Ltd., 17 Misc.2d 497, 187 N.Y.S.2d 449 (Sup.Ct.N.Y.Co.1959); Waterman-Bic Pen Corp. v. L. E. Waterman Pen Co., Ltd., 8 A.D.2d 378, 187 N.Y.S.2d 872 (1st Dept.1959); Mirabella v. Banco Industrial De La Republica Argentina, 38 Misc. 2d 128, 237 N.Y.S.2d 499 (Sup.Ct.N.Y. Co.1963).

■ In motions of this type, defendant has formidable obstacles to surmount —not only must defendant carry the burden of showing that plaintiff must ultimately fail, 7 Weinstein, Korn & Miller, New York Civil Practice, ¶ 6223.05 (1966), but also "the court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the stated facts." Cocoline Chocolate Co. v. Hillside Enterprises, Inc., 45 Misc.2d 594, 596, 257 N.Y.S.2d 444, 446 (Sup.Ct.Kings Co.1965). See also United Steel Warehouse Corp. v. Del-Penn Steel Company, 212 N.Y.S.2d 157 (Sup.Ct.Kings Co. 1961).

■ The complaint in this action alleges unjust enrichment. In order to recover for unjust enrichment a plaintiff must show that: 1) defendant was enriched; 2) that such enrichment was at the expense of the plaintiff; 3) that the circumstances were such that in equity and good conscience the defendant should make restitution. Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337 (1916). See also Restatement Restitution § 1; 50 N.Y. Jur., Restitution § 5, at 155.

■ As to the first and second of these elements it is not denied that Intra Geneva has received the benefit of a transaction it initiated or that plaintiff, an instrumental intermediary in that transaction, has a check on which it has not been able to collect. Examination of the complaint and other papers upon which the order of attachment was based reflect sufficient basis for a claim that defendant has been enriched and that such enrichment has been at the expense of plaintiff to preclude the court from declaring, at this stage, that it is clear that "plaintiff must ultimately fail." Bard-Parker Co., supra, at 258 App.Div. 640, 17 N.Y.S.2d 588.

The existence of the 3rd element of the claim—that the circumstances were such as to entitle plaintiff to restitution from the defendant—has been the subject of a welter of argument by both sides, which, perhaps unavoidably, got deeply into the merits of this case.

It is defendant's view that plaintiff should bear the loss, if any, either because of plaintiff's own tardiness in presentment of the check or because this is simply the type of case where if neither party is more chargeable with any loss than the other, the dictates of equity are that the loss must fall where it may. Defendant stresses that it acted independently of Intra New York and is not chargeable with its conduct. Defendant points to the reluctance of the New York courts to pierce the corporate veil and emphasizes that the mere fact of majority stock control of one corporation over another would not be sufficient to indicate that the latter did not act as an independent entity in any given situation in which both corporations were involved. Bartle v. Home Owners Cooperative, Inc., 309 N.Y. 103, 127 N.E.2d 832 (1955); Berkey v. Third Avenue Ry., 244 N.Y. 84, 155 N.E. 58, 50 A.L.R. 599 (1926).

Plaintiff's good conscience operates differently, however. Plaintiff asserts that responsibility for any loss here involved lies with defendant, maintaining that Intra New York acted as the agent of defendant and that there is a closer identity between the Intra banks here than defendant would have the court believe.

■ Fullest consideration of the merits of all of these substantive arguments would be outside the narrow ambit of a motion to vacate an attachment. However, even though there is no evidence that these arguments were advanced at the time the order of attachment was granted, they may be relevant for the limited purpose of considering whether plaintiff has stated a claim which cannot ultimately succeed. "[N]ew proof that would tend to sustain the attachment always should be admitted on a motion under CPLR 6223 unless there is a clear showing of prejudice." 7 Weinstein, Korn & Miller, New York Civil Practice, ¶ 6223.07. This approach is in harmony with the underlying policy in our civil procedure which favors a generous construction of pleadings and a liberal attitude toward plaintiffs on motions to vacate orders of attachment they have obtained.

From the argument and papers presented upon this motion, it is not clear that should plaintiff be able to show that defendant was enriched at plaintiff's expense, he might not also be able to show that the circumstances were such that in equity and good conscience defendant should make restitution.

Since the court cannot determine from the complaint, affidavits and other motion papers that plaintiff cannot ultimately succeed, the motion to vacate the attachment must be denied. Bard-Parker Co. v. Dictograph Products Co., 258 App. Div. 638, 17 N.Y.S.2d 588 (1st Dept. 1940).

Therefore, defendant's motions to dismiss the complaint and to vacate the attachment both must be denied.