**Harry HELLER, Plaintiff-Appellant,**

v.

**Burton ROBERTS, Defendant-Appellee.**

**No. 113, Docket 31515.**

United States Court of Appeals
Second Circuit.

Argued Oct. 17, 1967.

Decided Nov. 8, 1967.

Harry Heller, New York City, pro se. Harry Alan Sherman, Pittsburgh, Pa., of counsel.

Robert E. Hugh, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for defendant-appellee.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

PER CURIAM:

The complaint claims federal jurisdiction "based on the Federal Civil Rights statutes [42 U.S.C. §§ 1981, 1983 (1964)], the Constitution of the United States and the 14th Amendment thereto." Actually, the allegations would appear to be in support of an action for slander arising out of the utterance by defendant, then an Assistant District Attorney, in open court of an allegedly derogatory word concerning plaintiff, a lawyer, admitted to practice in the State of New York. Plaintiff endeavors to bring this action within federal jurisdiction by asserting that he has been deprived "of his property and personal rights and professional status, contrary to the Constitution and laws of the United States" by reason of the alleged slander. From an order granting defendant's motion to dismiss the complaint, plaintiff appeals.

The court below properly held that, construing the complaint most liberally, the alleged slander gives rise to no federal claim and that whatever bases there might be for a tort action under state law "they do not fall within the aegis of the Civil Rights Act."

Order affirmed.