**Jerry YOUNG, Plaintiff,**

v.

**C.O. CALHOUN, et al., Defendants.**

**No. 85 Civ. 7548 (SWK).**

United States District Court,
S.D. New York.

March 18, 1987.

Jerry Young, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., by Esther Furman, New York City, for defendants.

KRAM, District Judge.

Plaintiff Jerry Young, who is currently incarcerated at Sullivan Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation of his constitutional rights by prison officials and guards. Young alleges, in his own words:

> that all the defendants has told all the prison inmates that I am a homosexual and they be telling all the inmates to sodomize me, because they say they

don't like jail house lawyers and every day the defendants be telling other inmates to kill me and that they will pay them. The plaintiff has been attacked and injured as a result of this slander by the defendants. Such deliberate indifference amounts to cruel and unusual punishment and a violation if his 8th and 14th Amendments.

Young seeks $150,000 in punitive damages and $150,000 in compensatory damages for mental and physical suffering.

This case is presently before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that a claim of verbal harrassment without more fails to state a cause of action under Section 1983. Defendants also argue that in order to state a claim for failure to protect an inmate from assault by another inmate, a plaintiff must allege unreasonable risk of injury coupled with acts or omissions which evidence deliberate indifference to the inmate's health or well-being.

█ When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, and must accept plaintiff's allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). The court must also accept reasonable inferences from the facts in plaintiff's favor. *See Murray v. City of Milford*, 380 F.2d 468, 470 (2d Cir.1967). Dismissal should not be granted for mere technical defects or ambiguities. *See Arfons v. E.I. Du Pont de Nemours & Co.*, 261 F.2d 434, 435 (2d Cir.1958); *Nagler v. Admiral Corp.*, 248 F.2d 319, 322 (2d Cir. 1957). The test is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his favor, the complaint states any valid claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see Clay v. Martin*, 509 F.2d 109, 112 (2d Cir. 1975); *Bishop v. Stoneman*, 508 F.2d 1224, 1225 (2d Cir.1974). A complaint should not be dismissed for failure to state a claim

unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim that would entitle him to relief. *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). In addition, in a case brought by a *pro se* plaintiff, the Court must construe the complaint broadly, and not hold it to the same standards as a complaint drafted by an attorney.

Applying these principles, the Court disagrees in part with the defendants' characterization of Young's complaint. Young seems to be bringing three claims. First, he claims that prison guards are defaming him. Second, he claims that the guards are harrassing him in retaliation for his activities as a "jailhouse lawyer." Third, Young claims that the harrassment demonstrates deliberate indifference to his safety and physical well-being.

### A. *Defamation*

█ There is no cause of action under 42 U.S.C. § 1983 for defamation because interest in one's reputation is not a right, privilege, or immunity protected by the Constitution or laws of the United States. *Paul v. Davis*, 424 U.S. 693, 711–713, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1976); *Heller v. Roberts*, 386 F.2d 832 (2d Cir.1967). Thus, Young's claim for defamation must fail and is dismissed.

### B. *Harrassment*

█ The Constitution requires a state to provide its prisoners with access to the federal courts. *Johnson v. Avery*, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). A state may not prohibit inmates from furnishing legal assistance to other inmates unless it provides a reasonable alternative to assist inmates in filing legal petitions. *Id.* at 490, 89 S.Ct. at 751. The burden is on the state to prove the existence of such an alternative. *Storseth v. Spellman*, 654 F.2d 1349, 1352 (9th Cir. 1981); *Novak v. Beto*, 453 F.2d 661, 664 (5th Cir.1971); *Vaughn v. Trotter*, 516 F.Supp. 886, 891 n. 4 (M.D.Tenn.1980).

■ The right to receive legal inmate assistance is not limited to the recipients of the assistance. Jailhouse lawyers cannot be prohibited from providing legal assistance to inmates in the absence of alternative forms of legal aid. *Byran v. Werner,* 516 F.2d 233, 236–237 (3d Cir.1975); *Vaughn,* 516 F.Supp. at 893; *Wetmore v. Fields,* 458 F.Supp. 1131, 1143 (W.D.Wisc. 1978). They have standing to assert their right to provide assistance. *Buise v. Hudkins,* 584 F.2d 223, 227 (7th Cir.1978).

■ As with other constitutional rights, a state may not, in the absence of abuse, punish or intimidate the exercise of the right to provide legal assistance. *Adams v. James,* 784 F.2d 1077, 1082 (11th Cir. 1986); *McCray v. Bennett,* 467 F.Supp. 187, 196 (M.D.Ala.1978).

■ Plaintiff's complaint clearly alleges that the defendants have harrassed him because he is exercising his right to be a jailhouse lawyer. Defendants have not shown, nor could they show on a 12(b)(6) motion, that plaintiff does not have a right to practice jailhouse law because inmate legal assistance is prohibited and reasonable alternatives exist. Plaintiff has thus stated a cause of action on this claim.

C. *Deliberate Indifference*

■ Plaintiff alleges that defendants' statements constitute "deliberate indifference" to him in violation of the Eighth Amendment. Young is apparently arguing that the defendants failed to protect him from attack by other inmates. In order to prevail on such a claim, Young must show that the defendants intentionally or recklessly failed to protect him from a risk of harm from other prisoners. *Ayers v. Coughlin,* 780 F.2d 205, 209 (2d Cir.1985). Although Young alleges that defendants urged other inmates to attack him and that they did attack him, he fails to allege either that the defendants failed to protect him or that he told them he was under a pervasive risk of harm. This claim is thus dismissed without prejudice to file an amended complaint.

Discovery should proceed in accordance with this opinion. The discovery cutoff date is June 1, 1986. The deadline for filing substantive motions is July 1, 1986.

SO ORDERED.