## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **KENNETH WRIGHT**, | ) | Lake County Chancery Court |
|  | ) | No. 4317 |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C.A. No. 02A01-9702-CH-00046 |
|  | ) |  |
| **LARRY SEAY, et al,** | ) |  |
|  | ) |  |
| Defendants/Appellees. | ) |  |
|  | ) |  |

**FILED**

**September 18, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

From the Chancery Court of Lake County at Tiptonville.
**Honorable J. Steven Stafford, Chancellor,**


**Kenneth Wright**, Pro Se


**John Knox Walkup**, Attorney General and Reporter
**Sohnia W. Hong**, Assistant Attorney General
Attorneys for Defendants/Appellees.


OPINION FILED:

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**


**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**LILLARD, J.**: (Concurs)

The plaintiff, Kenneth Wright, sued the defendants, Larry Seay, Dennis Dean and Coi Tyler, for slander and violation of 42 U.S.C. § 1983.[1] The defendants moved to dismiss on the basis that the complaint failed to state a claim upon which relief can be granted and that the trial court lacked subject matter jurisdiction, as the matter should have been filed with the Claims Commission. The motion was granted and Plaintiff appeals.

The purpose of a Rule 12.02(6) T.R.C.P. motion to dismiss is to test the legal sufficiency of the complaint. In examining the complaint, we must take all the well pleaded, material factual allegations as true, and must construe the complaint liberally in favor of the plaintiff. *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. App. 1992).

The complaint alleges that the plaintiff is currently incarcerated in the Tennessee Department of Correction facility at Northwest Correctional Center (NCC). Defendant Larry Seay is the food service manager, defendant Dennis Dean is the operational manager and defendant Coi Tyler is a correctional officer, all at NCC. Each defendant is sued in his individual capacity and acting under color of State law. The complaint further alleges that the plaintiff was falsely accused by the defendants of sexual misconduct with one of his supervisors. It alleges that damages sustained by the plaintiff were intentionally inflicted by the defendants and false accusations spread throughout the facility by them. It further contends that such false accusations resulted in a disciplinary infraction.

We believe the complaint states a cause of action for slander. The defendants contend that the trial court lacked subject matter jurisdiction because T.C.A. § 9-8-307(a)(1)(R) provides that the claims commission has exclusive jurisdiction over claims for slander. The statute provides as pertinent:

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(a)(1) the commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories . . . .

(R) Claims for libel and/or slander where a state employee is determined to be acting within the scope of employment.

T.C.A. § 9-8-307(h) provides as pertinent:

State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain.

Pursuant to statute, the Claims Commission does have exclusive jurisdiction over claims for slander where a state employee is determined to be acting within the scope of that employment and state employees are immune from liability for acts within the scope of their employment, except for willful, malicious or criminal acts or omissions or acts or omissions done for personal gain. The defendants argue that it is obvious from the face of the complaint that any statements allegedly made by the defendants were made while they were acting within the scope of their employment as correctional officers. One of the elements of a cause of action for slander is publication to a third party. This Court held in *Woods v. Helmi*, 758 S.W.2d 219 (Tenn. App. 1988), that communication among agents of the same corporation made within the scope and course of their employment relative to duties performed for that corporation are not to be considered as statements communicated or publicized to third persons. Given the job titles ascribed to each defendant in the complaint, it could readily be argued that the communication among themselves would fall within the *Woods v. Helmi* rule. However, as previously stated, in examining a Rule 12.02(6) motion the complaint is to be liberally construed. Furthermore, the complaint alleges that these falsehoods were "spread throughout the facility." The defendants concede in their brief that the complaint alleges that their acts were intentional or willful. However, the state contends that the Claims Commission has jurisdiction to make the initial finding as to whether the defendants acted maliciously or outside the scope of their employment. As authority in support of this argument, they cite a trial court opinion from the 30th Judicial District in a case styled *King v. Shelby County Healthcare Corporation, et al*, filed June 4, 1991. The question before that court was whether the Claims Commission was a

proper forum for determination of whether a physician employed by the state acted willfully or maliciously. Citing the exclusive jurisdiction of claims against the state, with limited exceptions, and two decisions from the Sixth Circuit Court of Appeals, the trial court concluded that the Claims Commission should determine in the first instance whether the acts at issue were willful. The trial court, as do the defendants in the present case, relied upon *Leaman v. Ohio Dept. of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987), *cert. denied*, 487 U.S. 1204 (1988), and *White v. Gerbitz*, 860 F.2d 661 (6th Cir. 1988), *cert. denied* 489 U.S. 1028 (1989). *Leaman* involved a suit by a former employee of the department for terminating her employment. After suing in federal court, Ms. Leaman elected to file a virtually identical complaint in the Ohio Court of Claims. The district court dismissed as to the department based on sovereign immunity grounds. As to the individual defendants, the dismissal was based on a provision of the Ohio Court of Claims Act that provides that "except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee." Ohio Revised Code § 2743.02(A)(1). In upholding the trial court's dismissal, the court said that "where a claimant represented by competent counsel has elected to accept Ohio's statutory offer to subject itself to suit in the Court of Claims in exchange for a waiver of claims against individual state officials, nothing in the Constitution entitles the claimant to repudiate the waiver if she or he loses the suit in the Court of Claims and does not even appeal the decision." *Leaman*, 825 F.2d at 957.

In *White*, the plaintiff filed an action under 42 U.S.C. § 1983 along with pendant state claims in federal court against numerous defendants arising out of his arrest and incarceration as a material witness to a murder. The defendants asserted that the plaintiff had waived his cause of action in federal court by subsequently filing a substantially similar claim against the State of Tennessee with the Tennessee Claims Commission. The court noted that T.C.A. § 9-8-307(b) mandates that the plaintiff waive all claims against the individual state employees in exchange for the state waiving its sovereign immunity. They further averred that, in accordance with *Leaman v. Ohio*, he waived his right to sue in federal court when he filed a substantially similar suit before the Tennessee Claims Commission. The court noted that prior to the district court dismissing the *Leaman* plaintiff's federal cause of action, the court of claims held that the defendant properly terminated the plaintiff's employment and that the waiver was not void since, by finding that the

plaintiff was terminated "in accordance with state law," the court of claims had determined that the defendant employer's actions were neither ultra vires nor malicious. The *White* court proceeded to say that, unlike the Ohio Court of Claims in *Leaman*, the Tennessee Claims Commission has not yet addressed the merits of plaintiff's claim. If the claims commission concluded that defendants' acts were outside the scope of their employment, the plaintiff would be free to pursue a cause of action in federal court as no waiver would have occurred. The court held that the district court erred in not dismissing the plaintiff's federal cause of action. The court further stated that the order of dismissal entered on remand should provide that, in the event the waiver provision of the Tennessee statute is not invoked due to the defendants' acts being deemed outside the scope of their employment, the plaintiff may present an order within sixty days of the state action reinstating his claim to the federal district court's docket.

The trial court opinion in *King* interpreted *Leaman* and *White* to hold that the Claims Commission must make a preliminary finding as to whether the individual defendants acted either maliciously or outside of the scope of their employment before suit could be instituted in the trial court. We do not so interpret the holdings of *Leaman* and *White* and believe that the language to that effect is dicta. As we interpret those cases, the holding is that a filing in the claims commission waives the right to sue in the trial court. Regardless, we would not be bound by those cases were they to hold as defendants contend. We are of the opinion that, when a suit is instituted against a state employee in the trial court, the defenses of scope of employment and lack of willful or malicious conduct are defenses which may be raised by the defendant and resolved by the trier of facts.

After a careful review of the complaint, we are of the opinion that it does state a cause of action for slander and that the decision of the trial court granting the motion to dismiss for failure to state a claim is reversed.

With respect to the claim under 42 U.S.C. § 1983, the allegation of defamation fails to state a claim upon which relief can be granted. Harm or injury to reputation, even where inflicted by an officer of the state, does not result in a deprivation of "liberty" or "property" protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

*Accord, Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *Azar v. Conley*, 456 F.2d 1382, 1388-89 (6th Cir. 1972); *Heller v. Roberts*, 386 F.2d 832 (2nd Cir. 1967).  The judgment of the trial court dismissing the § 1983 claim is affirmed.

This cause is remanded to the trial court for further proceedings consistent with this opinion.  The costs of this appeal are taxed one-half to the plaintiff and one-half to the defendants in equal share, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)