Waterman-Bic Pen Corporation, Appellant, *v.* L. E. Waterman Pen Company Ltd. et al., Respondents, et al., Defendants.

First Department, June 30, 1959.

*Walter S. Beck* of counsel (*Leon Alexandroff, Gerald Meyer, Seymour Shainswitt* and *Neil A. Pollio* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for appellant.

*Henry Cohen* of counsel (*Robert J. Feldman* with him on the brief; *Cohen & Sandomire,* attorneys), for respondents.

*Per Curiam.* Plaintiff has made a sufficient prima facie showing of fraud on the part of defendants to sustain an attachment, and defendants, in moving to vacate, have failed to demonstrate that plaintiff cannot ultimately succeed (*Wulfsohn* v. *Russian Socialist Federated Soviet Republic,* 234 N. Y. 372, 377; *Bard-Parker Co.* v. *Dictograph Prods. Co.,* 258 App. Div. 638).

Plaintiff, in purchasing the business of the defendants, received express warranties that there would be no changes in accounts receivable and inventory in excess of $150,000 up to the date of takeover. Any deficiency over that amount was to be made good by payment in cash or by surrender of a proportionate number of the shares in the plaintiff corporation that defendants received as part of the consideration for the sale. Plaintiff now sues for $398,491.70, claiming many of the accounts receivable did not represent actual sales, and were overstated by more than $300,000, and that other assets and liabilities were also misstated.

Special Term held the action is " more than one for ' a sum of money only ' ", because of the existence of contractual provisions allowing defendant the option of paying cash or returning the equivalent value in stock in the event the collectibility of the accounts receivable or the inventory was overstated by more than $150,000. We do not agree. Whether a cause of action is of a nature sufficient to sustain an attachment must be determined by the remedy sought in the pleadings. Plaintiff sues only for money damages, not for return of stock. Its action cannot be transmuted by a court into something plaintiff does not seek, even though alternative remedies may be available, or more appropriate (*Amerelay, Inc.* v. *Directomat, Inc.,* 7 A D 2d 388; Civ. Prac. Act, § 902).

In purchasing defendants' business, plaintiff agreed to assume the risk of limited variations in the stated value of the accounts receivable which might occur prior to the takeover date in the regular course of business. While alleging that it was fraudu-

lently induced to enter into the agreements, plaintiff has elected to affirm the contracts. Although binding, defendants have not clearly demonstrated that the contractual provisions limiting liability can be applied to anything other than normal business risks inherent in the collection of accounts, such as bad debts, returns, setoffs, disputes, and adjustments. The provisions should not, at this stage, be read so broadly as to give defendants immunity even for accounts which were completely nonexistent, fraudulent, or fictitious, endowing them with a limited license to defraud with impunity. Implicit in exculpatory provisions limiting liability is the requirement of good faith (*Mokar Props. Corp.* v. *Hall* 6 A D 2d 536). Furthermore, the claim for damages is based in part on other items of misrepresentation as to which the limitation provisions have no application.

The second cause of action sufficiently alleges fraud in the inducement of a separate agreement rather than in the performance of an existing contract (Civ. Prac. Act § 903, subd. 6). Accordingly, the order appealed from should be reversed, on the law and the facts, with costs to plaintiff-appellant, and the attachment reinstated; but in view of the serious consequences such attachment will have on defendants' operations, the bond to be furnished by plaintiff should be increased to $500,000.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed, on the law and on the facts, with $20 costs and disbursements to plaintiff-appellant, and the attachment reinstated; but in view of the serious consequences such attachment will have on defendants' operations, the bond to be furnished by plaintiff should be increased to $500,000.

Settle order on notice.