Per Curiam.

The attack upon the order of attachment was grounded upon the fact that the defendant foreign corporation is authorized to do business in this State and has its principal office in this city. In the circumstances, it was contended, and the court below so ruled in vacating the warrant, that an attachment was unnecessary for the purpose of acquiring jurisdiction. The provisional remedy, however, is not intended as solely a method of acquiring jurisdiction. It also performs the role of providing security for a plaintiff. In the present instance the defendant failed to show that the attachment was “ unnecessary to the security of the plaintiff” (CPLR 6223). Moreover, the fact that the defendant is a foreign corporation duly authorized to transact business in the State of New York, gives it no immunity from attachment (Prentiss v. Greene, 193 App. Div. 672, 678). Nor does the statute (CPLR 6201) exempt from its provisions foreign corporations which are doing business in this State.
The order should be reversed, with $10 costs, and the motion to vacate the order of attachment denied.
Concur — Gold, J. P., Tilzer and Hofstadter, JJ.
Order reversed, etc.