■ EDWARD F. STINES, JR., an Infant, by EDWARD F. STINES, SR., His Guardian ad Litem, et al., Respondents, v. HERTZ CORPORATION et al., Defendants, and IOWA CAR RENTAL, INC., Appellant.— In an action to recover damages for personal injury sustained by the infant plaintiff in the State of Iowa, in which a warrant of attachment was issued, the defendant Iowa Car Rental, Inc., appeals from so much of an order of the Supreme Court, Kings County, dated March 18, 1964, as: (1) denied its motion, pursuant to CPLR 6223, to vacate the warrant upon the ground that it has no property in this State and that there is no debt due to it in this State, and upon the further ground that the affidavits and complaint on which the warrant was issued were insufficient as a matter of law; (2) denied its motion to direct the Sheriff of the City of New York to desist from further proceedings with respect to the attempted levy under the warrant; (3) denied its motion, pursuant to CPLR 3211 (subd. [a], pars. 8, 9), to vacate the service of the summons and complaint upon it; (4) denied its motion, pursuant to CPLR 2221, to vacate the ex parte order, dated December 16, 1963, extending for one year the time of the plaintiffs and the Sheriff to act under said warrant; (5) denied its motion to reduce the amount of the attachment; and (6) granted plaintiffs' cross motion to serve supplemental affidavits in support of the warrant of attachment and to serve an amended complaint. Order, insofar as appealed from, reversed on the law, without costs; motions of the defendant Iowa Car Rental, Inc. granted to the extent of vacating the warrant of attachment, directing the Sheriff of the City of New York to refrain from taking any further action thereunder, vacating the said ex parte order, and vacating the service of the summons and complaint upon the said defendant; and plaintiffs' cross motion, insofar as it seeks to serve an amended complaint upon said defendant, denied without prejudice to such further actions or proceedings as plaintiffs may be advised. While the court is not required to decide the merits of a controversy on a motion to vacate an attachment, "the attachment papers must contain evidence from which the court can determine that the ultimate facts alleged in the complaint can be substantiated" (*Krellberg* v. *Gregory*, 10 A D 2d 824). Where the complaint and affidavits fail to establish a prima facie cause of action, or where they clearly establish that "the plaintiff must ultimately be defeated," the attachment must be vacated (*American Reserve Ins. Co.* v. *China Ins. Co.*, 297 N. Y. 322, 325). The affidavits, the original complaint and proposed amended complaint, and the exhibits offered on the instant motions establish that on May 24, 1963, the said defendant, Iowa Car Rental, Inc., rented a car to one Edwin A. Does. The rental contract provided, *inter alia*, that the vehicle shall not be used by any person except the renter, a member of the renter's immediate family, the renter's employer, or an employee of the renter in the course of such employee's regular employment. The affidavit of the infant plaintiff states that on May 26, 1963, in the State of Iowa, at the invitation of one Roy, the infant plaintiff and three friends rode in the car which was being operated by Roy. It does not appear that Edwin A. Does, the renter, was in the car. An accident occurred and the infant plaintiff was injured due to the alleged negligence of Roy. Under Iowa law, which governs the substantive rights of the parties to this litigation, this defendant's liability, as the owner of the vehicle, must be based on its consent to Roy's operation of the vehicle (Iowa Code Ann., § 321.493). Roy was not the renter; and all the affidavits submitted are devoid

of any factual allegation tending to show that he was within any of the other classes of authorized operators set forth in the rental agreement. In our opinion, the absence of such an allegation · constituted a failure to establish a prima facie cause of action and required. that the attachment be vacated (*American Reserve Ins. Co.* v. *China Ins. Co.*, 297 N. Y. 322, *supra*). Plaintiffs' contention that the said defendant, having leased the car, is liable even where the renter allows another to use the car in violation of the rental contract, does not appear to be in accord with Iowa decisional law (cf. *Krausnick* v. *Haegg Roofing Co.*, 236 Iowa 985, 989; *Heavilin* v. *Wendell*, 214 Iowa 844, 848; *McLain* v. *Armour & Co.*, 205 Iowa 343). Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur; Kleinfeld, J., dissents and votes to affirm the order with the following memorandum: The complaint and affidavits, submitted in support of an attachment, must be liberally construed in plaintiff's favor; and all legitimate inferences must be drawn for the purpose of establishing a prima facie cause of action (*Coakley* v. *Rickard*, 136 App. Div. 489; *Stewart* v. *Lyman*, 62 App. Div. 182; *Brandly* v. *American Butter Co.*, 130 App. Div. 410; *Zale Jewelry Co.* v. *Laine*, 37 Misc 2d 39). Pursuant to applicable Iowa law, from the fact of ownership an inference arises that the owner has consented to the driver's operation (*Landry* v. *Oversen*, 187 Iowa 284; *Anderson* v. *Lehner*, 243 Iowa 851).