In the Matter of the Final Accounting of GEORGE A. BERKOWITZ, as Committee of the Person and Property of EDWARD D. LINDEN, an Incompetent Person. WILLIAM J. DRIVER, as Administrator of Veterans' Affairs, Appellant; GEORGE A. BERKOWITZ et al., Respondents.— Order entered October 28, 1965, awarding $500 to the attorney-committee and $125 to the guardian ad litem, unanimously modified, on the law and on the facts, to the extent of striking the allowance to the committee and reducing to $75 the allowance to the guardian ad litem, and, as so modified, affirmed, without costs or disbursements. (*Matter of Erlandsen*, 265 N. Y. 155; *Matter of Becan*, 26 A D 2d 44; *Matter of Townsend*, 24 A D 2d 93.) Concur — Breitel, J. P., Rabin, McNally and Steuer, JJ.

GEORGE A. FULLER COMPANY, INC., Appellant, v. VITRO CORPORATION OF AMERICA, Respondent.— Order entered September 21, 1966, unanimously reversed, on the law and the facts, and the motion to vacate the attachment is denied and the attachment is reinstated, with $30 costs and disbursements to abide the event. The defendant moved for an order pursuant to CPLR 6223 to vacate a warrant of attachment and levies made thereunder. In the circumstances the attachment could only be vacated if it should be found that it is " unnecessary to the security of the plaintiff ". We agree with the Appellate Term's conclusion in *Zeiberg* v. *Robosonics, Inc.* (43 Misc 2d 134) that the burden of proof is on the defendant to show that the attachment is unnecessary. The defendant failed to sustain that burden. Moreover, on the entire record it seems clear that the attachment is needed for security, and, accordingly, the attachment and levies made thereunder should not have been vacated. Concur — Breitel, J. P., Rabin, McNally, Steuer and Capozzoli, JJ.