George A. MARKLIN, Plaintiff,

v.

DREW PROPERTIES CORP. and Dinkler Management Corporation, Defendants.

No. 66 Civ. 3407.

United States District Court
S. D. New York.

Aug. 10, 1967.

Gordon Marshall, New York City, for plaintiff.

Stroock & Stroock & Lavan, New York City, for defendants.

MOTLEY, District Judge.

## MEMORANDUM OPINION AND ORDER ON MOTIONS TO DISMISS COMPLAINT VACATE ATTACHMENT AND FOR SUMMARY JUDGMENT

Defendant Drew Properties Corporation has moved to dismiss the complaint on the ground that it fails to state a claim against said defendant upon which relief can be granted. Rule 12(b) (6) Fed.R.Civ.P.

The complaint alleges, in essence: 1) that plaintiff is the assignee for value and the owner and holder of claims against Drew Properties Corp. and the other defendant, Dinkler Management Corporation; 2) that the claims are for goods sold and delivered and services rendered to defendants; 3) that the goods and services were rendered to defendants at the special instance and request of defendants; 4) that the goods and services were accepted by defendants and paid for in part by defendants; 5) that the resulting total balance due from defendants amounts to the agreed price and reasonable value of $15,392.44; 6) that all the goods and services were sold to or rendered to defendants at the Diplomat Motel in St. Louis, Missouri; and 7) that plaintiff has demanded payment from defendants who have failed and refused to make payment.

Jurisdiction is predicated upon diversity of citizenship, the complaint alleging that plaintiff is a citizen of Missouri while Drew Properties is a Delaware corporation and the other defendant is a New York corporation.

There is no allegation in the complaint concerning ownership or management of the Diplomat Motel in St. Louis. The complaint simply alleges that, " * * * all of the above transactions represented sales of goods, wares and merchandise and the rendering of services to the

defendants at the Diplomat Motel in St. Louis, Missouri."

The motion to dismiss is supported by an affidavit of the vice-president of Drew Properties Corp. The affidavit alleges that Drew Properties Corp. does not "own, lease or manage the Diplomat Motel, and there is no allegation that it had anything to do with the alleged transactions". [Affidavit of Murray Gaines, 11/11/66 p. 2]. The affidavit goes on to allege as follows: "The Diplomat Hotel, during the period of time in suit, was leased by American Phoenix Corp., a Missouri Corporation, from Diplomat Associates, a New York partnership, and was operated and managed by Dinkler Management Corporation, a New York corporation. Defendant Drew Properties Corporation had and has no relationship with either Diplomat Associates or Dinkler Management Corporation as regards to the Diplomat Motel. Its only relationship with American Phoenix Corporation is that the latter is a wholly owned subsidiary of Drew Properties Corporation." (Id. p. 2)

In ten opposing affidavits and a voluminous volume of exhibits, plaintiff disputes the foregoing allegations with respect to the ownership, operation and management of the Diplomat Motel. In three additional supporting affidavits, Drew Properties Corp. realleges nonownership or other relationship which would make it liable for the goods sold or services rendered.

Defendant has asked that its motion to dismiss be considered as a motion for summary judgment, Rule 12(b) (6), and Rule 56, Fed.R.Civ.P., and plaintiff has replied that he is entitled to summary judgment.

■ However since the complaint sufficiently apprises defendants of the claim against them, it cannot be dismissed for failure to state a claim. This is especially true since the complaint alleges the goods were sold and services were rendered "at the special instance and request of defendants" and that all goods and services were "accepted by de-fendants" and paid for in part by defendants. See, Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Fed.R.Civ.P., Rules 8(a), 8(e) and 8(f).

■ Since the foregoing allegations in the complaint are disputed by Drew Properties Corp., no summary judgment may be granted in favor of either party. Rule 56, Fed.R.Civ.P.

Defendant Drew Properties has also moved to vacate the order of attachment on its property obtained by plaintiff on October 19, 1966, the day after the complaint was filed.

Plaintiff had met the New York State statutory requirements for securing an attachment at the time of issuance of the order of attachment. New York CPLR § 6201; Rule 64 Fed.R.Civ.P. It appears from the complaint and affidavit that plaintiff had demanded and would be entitled to a money judgment, in whole or in part, against Drew Properties Corp. and that Drew Properties Corp. is a foreign corporation.

Since the issuance of the order of attachment, by agreement of counsel, the attachment has been discharged and defendant has furnished a bond at a cost of $300. in lieu of the attachment. N.Y. C.P.L.R. § 6222.

Defendant Drew Properties Corp. now moves to vacate the attachment on the ground that it is licensed to do business in New York, has its principal place of business in New York, and has assets amounting to $33,000,000.00; consequently, says Drew, there is no need for the security provided by attachment. N.Y.C.P.L.R. § 6223. These facts are alleged by affidavit.

Plaintiff's opposing affidavits allege that: 1) the United States Marshal first levied on the New York account of Drew Properties Corp. at the Chase Manhattan Bank, 39th Street and Madison Avenue, and that the Marshal and plaintiff's counsel were advised that Drew Properties maintained a balance in a sum less than $100 in its account; 2) a balance of $11.14 was maintained in a bank in St. Louis by Drew Properties

Corp.; 3) Drew Properties Corp. lost its interest in the Diplomat Motel in St. Louis in approximately April of 1966 by reason of non-payment of monies due to the owner of the fee; 4) all of Drew's creditors were left in Missouri without payment of claims aggregating the sum of $15,000 sought in this action; and 5) no figures have been published showing the financial condition of Drew Properties Corp. as of August 31, 1966, whereas the financial statements referred to in this defendant's affidavit are for prior years.

The fact that the defendant is a foreign corporation duly authorized to transact business in the State of New York, gives it no immunity from attachment. Prentiss v. Greene, 193 App.Div. 672, 678, 184 N.Y.S. 558, 561 (1920). The defendant Drew Properties Corp. has failed to sustain its burden of proving that the security provided by the bond now given in lieu of attachment is unnecessary for the security of plaintiff. George A. Fuller Co. v. Vitro Corp., 26 A.D.2d 916, 274 N.Y.S.2d 600 (1966); Zeiberg v. Robosonics, Inc., 43 Misc.2d 134, 250 N.Y.S.2d 368 (1964). Having failed to sustain its burden under CPLR § 6223, defendant is not entitled to have the attachment vacated.

Under the law of New York it is settled that: " * * * the court should not attempt to decide in advance the merits of the controversy by vacating the attachment unless the complaint and affidavits *clearly indicate* that the plaintiff *must ultimately fail.*" Bard-Parker Co. v. Dictograph Products Co., 258 App. Div. 638, 640, 17 N.Y.S.2d 588, 591 (1st Dept.1940). (Emphasis supplied). See also Montenegro v. Roxas, 141 N.Y.S.2d 681 (Sup.Ct.N.Y.Co.1955); Atlantic Raw Materials, Inc. v. Almarex Products, Inc., 154 N.Y.S.2d 993 (Sup.Ct.N.Y. Co.1956); Compania Panamena Maritima San Gerassimo, S. A. v. International Union Lines, Ltd., 17 Misc.2d 497, 187 N.Y.S.2d 449 (Sup.Ct.N.Y.Co.1959); Waterman-Bic Pen Corp. v. L. E. Watermen Pen Co. Ltd., 8 A.D.2d 378, 187 N.Y.S.2d 872 (1st Dept.1959); Mira-bella v. Banco Industrial De La Republica Argentina, 38 Misc.2d 128, 237 N.Y. S.2d 499 (Sup.Ct.N.Y.Co.1963).

In motions of this type, defendant has formidable obstacles to surmount—not only must defendant carry the burden of showing that plaintiff must ultimately fail, 7 Weinstein, Korn & Miller, New York Civil Practice,¶ 6223.05 (1966), but also "the court must give the plaintiff the benefit of all the legitimate inferences that can be drawn from the stated facts." Cocoline Chocolate Co. v. Hillside Enterprises, Inc., 45 Misc.2d 594, 596, 257 N.Y.S.2d 444, 446 (Sup.Ct.Kings Co.1965). See also United Steel Warehouse Corp. v. Del-Penn Steel Company, 212 N.Y.S.2d 157 (Sup.Ct.Kings Co. 1961).

Defendant Drew Properties Corporation has also requested the Court, pursuant to Rule 65.1 Fed.R.Civ.P., to grant defendant its costs in discharging the attachment. Since the court has decided against vacating the attachment and since no justification for granting defendant its costs in discharging the attachment has been made out, this request must also be denied.

The purpose of a motion for summary judgment under Rule 56 is to permit the judge to determine if there is a disputed issue of fact, and to obviate the need for trial if there is none. It is designed to be an expeditious and economic device for the determination of disputes. It does not contemplate a trial by affidavits. In the instant case, counsel have submitted a total of 17 affidavits as well as several memoranda and exhibits to aid the court in the determination of the question whether Drew Properties is or is not responsible for the unpaid balance due plaintiff. While, as a general rule, the court welcomes the assistance of ably prepared documents in arriving at a decision on questions before it, the plethora of affidavits and other documents submitted on this motion presented an unnecessary burden for the court and went well beyond the concise statement of the competing claims en-

visioned by Rule 56. See, 6 MOORE'S FEDERAL PRACTICE ¶ 56.04 (2d ed. 1964). The preliminary question of ownership of the Diplomat Motel may have been better disposed of had counsel moved for a preliminary hearing on this question pursuant to Rule 12(d), Fed.R. Civ.P. instead of attempting to have the entire dispute resolved on affidavits filed in support of motions for summary judgment.

The motion to dismiss the complaint for failure to state a claim upon which relief can be granted is denied.

The motion to vacate the attachment is also denied. The motions for summary judgment are denied.