**B. B. WEIT PRINTING COMPANY, Inc., Plaintiff,**

v.

**FRANCES DENNEY, INC., Defendant.**

**No. 69 Civ. 111.**

United States District Court
S. D. New York.
April 8, 1969.

Jay M. Landa, Great Neck, N. Y., of counsel with Joshua J. Nasaw, Great Neck, N. Y., for plaintiff.

Peaslee, Albrecht, McMahon, Keeffe & Costikyan, by John A. Keeffe, New York City, for defendant.

## MEMORANDUM

BONSAL, District Judge.

On December 5, 1968, Frances Denney, Inc. (Denney) instituted an action, 68 Civ. 4841 (Denney's action), in this court against B. B. Weit Printing Co., Inc. (Weit), and others, alleging that Denney and Weit had entered into a contract on April 25, 1968 (the April 25 contract), whereby Weit agreed to print and furnish to Denney three lots of printed folders, each lot containing 3,000,000 folders, at a price of $17.90 per 1,000; that Weit failed to furnish the folders to Denney in accordance with the agreed-upon delivery schedule; and that Denney had sustained damage in the amount of $1,000,000. On December 20, 1968, Weit filed an answer denying Denney's allegations, and filed a counter-claim alleging that Weit had performed all services required by the April 25 contract, but that Denney had breached the April 25 contract by cancelling it, and that Weit had sustained damages in the amount of $90,574.00.

On December 17, 1968, Weit instituted this action (Weit's action) against Denney in the New York Supreme Court, New York County, alleging that, between June 19, 1968 and September 20, 1968, Weit had manufactured, sold, and delivered to Denney certain items, viz., printed folders and cards, and had performed labor and rendered services at an agreed-upon price. Weit alleged that, of $74,217.44 owing to it on September 30, Denney had paid only $30,645.44, and still owed $43,572.00.

On December 19, 1968, Weit obtained an order of attachment against Denney in Weit's action, pursuant to § 6201, CPLR, in the amount of $43,572.00; in the affidavit in support of the order of attachment, Weit's president asserted that Denney

"* * * is a Pennsylvania corporation with offices both in Philadelphia and New York City.

Prior to June 19, 1968, [Denney] did engage [Weit] for certain printing work

* * * At this time there is a substantial sum of money owed to [Weit] by [Denney]

* * * [Denney] has money owed to it by several department stores located in the City and State of New York which choses in action [Weit] now seeks to attach."

On January 10, 1969, Denney removed Weit's action to this court, and on January 20, 1969, filed a general denial to the complaint, now filed as 69 Civ. 111.

On January 24, 1969, Weit and Denney consented to an order discharging the attachment in Weit's action and releasing the funds seized by the Sheriff of New York County under the order of attachment, Denney posting a bond in the amount of $43,572.00 in accordance with § 6222, CPLR.

Denney now moves, pursuant to Rule 41(b), F.R.Civ.P., for an order dismissing Weit's action for failure to comply with Rule 13(a), F.R.Civ.P.; and, pursuant to Rule 64, F.R.Civ.P., for an order vacating the attachment.

Weit cross-moves, pursuant to Rule 56, F.R.Civ.P., for summary judgment in Weit's action, on the ground that no triable issues of fact were raised by Denney in its answer, or, in the alternative, for an order directing Denney to indicate specifically what items in Weit's complaint it disputes; and for an order consolidating Denney's action with Weit's action, on the ground that the two actions concern the same transactions.

## I. MOTION TO DISMISS WEIT'S ACTION

Denney contends that Weit has violated Rule 13(a), F.R.Civ.P., and that Denney is entitled to have Weit's action dismissed pursuant to Rule 41(b), F.R.Civ. P., which provides, in part:

"For failure of the plaintiff * * * to comply with these rules * * *, a defendant may move for dismissal of an action * * *"

Denney contends that Weit violated Rule 13(a), which provides:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *"

by instituting Weit's action in the State court instead of filing a counterclaim in this court to Denney's action, both actions relating to the April 25 contract.

Weit contends that it did not violate Rule 13(a) because it fell within the exception stated in the second half of Rule 13(a), and which provides:

"But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13."

However, Weit does not fall within this exception because, first, at the time Denney's action was commenced, Weit's claim was not the subject of a pending action; second, Denney did not bring suit upon its claim by attachment; and third, Weit counterclaimed in Denney's action.

 Nevertheless, since, first, Weit's action in State court was filed before Weit filed an answer to Denney's action; and, second, Weit counterclaimed in Denney's action with respect to the same contract involved in its complaint in Weit's action, Denney's motion to dismiss Weit's action for failure to comply with Rule 13(a), F.R.Civ.P., is denied. Rule 13(a) does not bar concurrent claims in the State court and counterclaims in this court. See L. F. Dommerich & Co. v. Bress, 280 F.Supp. 590 (D.N.J. 1968); 3 Moore, Federal Practice, par. 13.12, at 29–30; 3 Moore, Federal Practice, 1968 Supplement, par. 13.-12, new text at n.5, at 16.

## II. MOTION TO VACATE ATTACHMENT

Denney also moves, pursuant to Rule 64, F.R.Civ.P., for an order vacating the order of attachment in *Weit's action.* Rule 64 provides, in part:

> "At the commencement of * * * an action, all remedies providing for seizure of * * * property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held * * * subject to the following qualifications:
>
> * * * * * *
>
> (2) the action in which any of the foregoing remedies is used * * *, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include * * * attachment * * *"

Weit secured the order of attachment in State court, pursuant to § 6201, CPLR, which provides:

> "An order of attachment may be granted in any action, * * * where the plaintiff has demanded and would be entitled * * * to a money judgment against one or more defendants, when:
>
> 1. the defendant is a foreign corporation * * *"

Denney contends that, if Weit had filed his complaint in Weit's action as a counterclaim in Denney's action, Weit could not have obtained an order of attachment, and that the order of attachment serves no purpose since Denney has consented to jurisdiction of this court and has filed an undertaking pursuant to the order of this court discharging the attachment.

 "[I]t is the New York law which determines the validity of attachments in the district court." Bernstein v. Van Heyghen Freres, 163 F.2d 246, 248 (2d Cir.), cert. denied, 332 U.S. 772, 68 S.Ct. 88, 92 L.Ed. 357 (1947). Under New York law, where a defendant moves to vacate an attachment, he has "the burden of proof * * * to show that the attachment is unnecessary." George A. Fuller Co. v. Vitro Corporation, 26 A.D.2d 916, 274 N.Y.S.2d 600 (1st Dept. 1966). Denney has not satisfied that burden, having bonded the attachment, and not having established either that the attachment was invalidly obtained, or that Weit must ultimately fail on the merits. Bernstein v. Van Heyghen Freres, supra; Marklin v. Drew Properties Corp., 280 F.Supp. 176 (S.D.N.Y. 1967); Republic of Italy v. De Angelis, 206 F.2d 121 (2d Cir. 1953); Stines v. Hertz Corporation, 22 A.D.2d 823, 254 N.Y.S.2d 903 (2d Dept. 1964), aff'd, 16 N.Y.2d 605, 261 N.Y.S. 2d 59, 209 N.E.2d 105 (1965). Therefore, Denney's motion to vacate the attachment is denied.

## III. MOTION FOR SUMMARY JUDGMENT

Weit moves, pursuant to Rule 56, F. R.Civ.P., for summary judgment, contending that since it attached to its complaint in State court, in Weit's action, a

schedule of items claimed due, pursuant to § 3016, CPLR, Denney was bound in its answer to "indicate specifically those items [it] disputes * * *" and, by filing a general denial, Denney failed to raise any triable issues with respect to Weit's action.

■ However, inasmuch as Denney removed Weit's action to this court before filing its answer, the pleading rules of this court, not those of the State court, apply to Weit's action. Weinberg v. Colonial Williamsburg, Inc., 215 F.Supp. 633 (E.D.N.Y. 1963).

■ Since there are contested issues of fact in Weit's action, Weit's motion for summary judgment in its favor is denied.

■ In the alternative, Weit moves for an order directing Denney to indicate specifically what items in Weit's schedule it disputes. However, this information will become available to Weit through discovery. Weit's motion in the alternative is denied.

## IV. MOTION FOR CONSOLIDATION

■ Weit moves to consolidate Weit's action with Denney's action, on the grounds that there are common issues in both actions. Denney admits that "both cases arise out of the same transaction," and counsel for Denney earlier stated in support of the order to discharge the attachment that "a subsequent motion will be made to consolidate this action" with Denney's action in 68 Civ. 4841.

Rule 42(a), F.R.Civ.P., provides:

"when actions involving a common question of law or fact are pending before the court, * * * it may order all the actions consolidated * * *."

Such a disposition is appropriate here, where both actions arise out of the same transaction and there are common issues as to the April 25 contract and the parties' performance under it.

Weit's motion to consolidate Weit's action, 69 Civ. 111, with Denney's action, 68 Civ. 4841, is granted.

Therefore, Denney's motions to dismiss Weit's action and to vacate the order of attachment, are denied. Weit's cross-motion for summary judgment is denied; and Weit's motion to consolidate Weit's action and Denney's action is granted.

Settle order on notice.