### (June 5, 1969)

■ HYDROMAR CORPORATION OF DELAWARE, Appellant, v. CONSTRUCTION AGGREGATES `CORPORATION, Respondent.— Order, entered January 17, 1969, unanimously reversed, on the law and the facts, with $30 costs and disbursements to appellant, the motion to vacate the attachment denied and the attachment reinstated without prejudice to a motion by defendant to discharge the attachment by filing an appropriate undertaking, with the matter of ultimate responsibility for payment of sheriff's fees to await the event. On this motion, brought by order to show cause, to vacate an attachment properly issued against property of a foreign corporation, the burden is on the defendant to show that the attachment is unnecessary to the security of the plaintiff. (See CPLR 6223; *Fuller Co.* v. *Vitro Corp.*, 26 A D 2d 916.) On the record, we conclude that the defendant has failed to sustain that burden and therefore that the attachment should not have been vacated. The financial statements in the record do not adequately reflect the fiscal affairs of this particular defendant since they are consolidated statements which consist, without allocation, of figures applicable to defendant and its subsidiaries. Additionally, on the record, it appears that the major portion of defendant's assets in New York consists of intangibles or transitory items. The defendant may, if it so desires, make a motion pursuant to CPLR 6222 at Special Term to discharge the attachment with the filing of an appropriate undertaking. The fixing of responsibility for Sheriff's fees is premature. (See CPLR 8014.) Concur — Stevens, P. J., Eager, Tilzer, Markewich and McNally, JJ.