**David KEND, Plaintiff,**

v.

**CHROMA–GLO, INC., Defendant.**

**No. 5–70 Civ. 45.**

United States District Court,
D. Minnesota,
Fifth Division.

Nov. 30, 1970.

Hammer, Weyl, Halverson & Watters, by Gene W. Halverson, Duluth, Minn., for plaintiff.

Hamerston, Bye, & Mitchell, by Paul R. Hamerston, Duluth, Minn., for defendant.

NEVILLE, District Judge.

Plaintiff filed an action in the New York State court alleging a breach of contract and seeking recovery of certain sales commissions alleged to be due him. Since defendant was and is a foreign corporation with respect to New York, plaintiff availed himself of a remedy provided by New York Statute, McKinney's Consolidated Laws of New York, C.P.L.R. § 6201, and procured a court order attaching certain funds due defendant from a New York source thereby obtaining *quasi in rem* jurisdic-

tion. The sheriff seized $42,181.86. Thereafter defendant removed the case from State court to the United States District Court for the Eastern District of New York. Subsequently and under date of June 26, 1970, the latter court granted defendant's motion to transfer the case under 28 U.S.C. § 1404(a) to the United States District Court for the District of Minnesota, Fifth Division, requiring in its order *inter alia* that defendant thereupon appear *in personam*. This defendant has done by filing a general appearance. The clerk of this court now holds in the Registry of the court the sum of $40,072.77 (the amount having been reduced by the sheriff's "lawful poundage fees"). Defendant now moves this court to release the funds so held, asserting first that had the action originally been brought in Minnesota plaintiff would not, on the record as it now appears, have been entitled to an attachment and second that in any event upon defendant's making its general appearance, the concept of *quasi in rem* jurisdiction no longer obtains and so the funds should be delivered to defendant.

New York C.P.L.R. § 6201 lists a number of grounds for obtaining an order of attachment, most related to or based upon an allegation that a defendant is attempting to or has departed the State or has fraudulently transferred or concealed his assets or is about to do so. The attachment in the case at bar, however, was not requested on any of these grounds but solely on the grounds that:

"1. the defendant is a foreign corporation or not a resident or domiciliary of the state"

No mention is now made by either party in the moving papers to this court seeking to effect or opposing a release of the funds of the fact that the attachment is necessary or unnecessary to the security of the plaintiff were he to obtain a judgment. This has significance in view of the New York Statute C.P.L.R. § 6223, which provides in the penultimate sentence as follows:

"If, after the defendant has appeared in the action, the court determines that the attachment is unnecessary to the security of the plaintiff, it shall vacate the order of attachment."

The commentaries and annotations to the above quoted section contain the following:

"The next to last sentence of this section is intended to permit vacatur of an attachment that was sought solely, or primarily, for jurisdictional reasons, after that function has been served."

Thus it would seem that under New York law, had the action remained there in State court, or in the United States District Court, a showing would have to be made that "the attachment is unnecessary to the security of the plaintiff". No such showing has been made in the case at bar. The court does not know whether the defendant is a multimillion dollar corporation or a small sales or service business with little or no assets; nor does the court have any knowledge as to its size, length of time it has engaged in business or even any facts as to the type and extent of its business. The question then is, on whom is the burden to establish that the attachment is "unnecessary to the security of the plaintiff." This court believes that were it sitting in New York, either in the State court or in the United States District Court for the Eastern District of New York, it would be compelled to rule that the burden is on the one who seeks the release of the attached funds, i.e., the defendant in this case, to establish the lack of necessity to the security of the plaintiff. It could attempt to do so by producing financial statements and historic data as to the corporation's assets and liabilities and its ability to meet a judgment if obtained against it or perhaps in other ways. Such has not been done here however and defendant's motion it would seem would be denied by a court sitting

in New York. The annotations to § 6223 further read:

"It has recently been held that where a defendant moves to vacate an attachment on the ground that it is unnecessary to the security of the plaintiff, the burden is upon the defendant to demonstrate this to the court. George A. Fuller Co. v. Vitro Corp., 1966, 26 A.D.2d 916, 274 N.Y.S.2d 600. This accords with the general rule that upon all motions to vacate an order of attachment, the burden rests upon the defendant to demonstrate that the plaintiff's papers are inadequate. See, e. g., Waterman-Bic Pen Corp. v. L. E. Waterman Pen Co., 1959, 8 A.D.2d 378, 187 N.Y.S.2d 872." (Supp.1970 at p. 41)

"A new ground has been added by the CPLR for vacating an order of attachment, viz., that it is unnecessary for the security of the plaintiff. This is a salutary development, and does not overlook the jurisdictional significance of attachment since the motion to vacate on this ground cannot be made until the defendant has submitted himself to personal jurisdiction in New York. *If the defendant appears and then demonstrates that he is solvent and willing to pay a judgment, the court has the discretion to vacate the order of attachment.*" [Emphasis added] (Supp.1970 at p. 42)

As to the burden of proof in vacating attachment generally see B. B. Weit Printing Co. v. Frances Denney, Inc., 300 F.Supp. 405 (S.D.N.Y. 1969); Hydromar Corp. of Delaware v. Construction Aggregates Corp., 32 A.D.2d 749, 300 N.Y.S.2d 797 (1969). See also Gitlin v. Stone, 262 F.Supp. 500, 501 (S. D.N.Y. 1967), where, though the original attachment was not solely for jurisdictional purposes, the court stated:

"Defendant's contention that the attachment should be vacated entirely for the reason that they are now prepared to submit to the Court's *in per-*

*sonam* jurisdiction, is without merit. The attachment was not sought solely for the purpose of acquiring *quasi in rem* jurisdiction. * * * The personal appearance of a non-resident defendant does not require that an attachment procured pursuant to the provisions of the foregoing section be vacated or modified."

█ The only question then left for decision by this court in whether the transfer by the United States District Court for the Eastern District of New York to this court under 28 U.S.C. § 1404(a) in any way affects or makes inapplicable the above conclusion. In this court's opinion it does not.

A transferee court under 28 U.S.C. § 1404(a) must apply the law of the transferor state. Fed.R.Civ.P. Rule 64 reads in pertinent part as follows:

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held * * *."

This rule embodies the holding of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), as it affects the provisional remedies of pre-judgment garnishment and attachment made pursuant to local statutes in Federal diversity litigation. See also Fed.R.Civ. P. Rule 4(e)(2). Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L. Ed.2d 945 (1964), and its progeny clearly establish that this court must look to the law of New York for resolution of the issue at bar:

"where the defendants seek transfer, the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under § 1404(a) generally

**550**

should be, with respect to state law, but a change of courtrooms." 376 U.S. at 639, 84 S.Ct. at 821.

See also Glick v. Ballentine Produce, Inc., 343 F.2d 839 (8th Cir. 1965) (transferee court obligated under *Van Dusen* to apply conflicts rule of state from which the case was transferred under § 1404(a)); Kaiser v. Mayo Clinic, 260 F.Supp. 900 (D. Minn. 1966) (application of *Van Dusen* rule where transfer under § 1404(a) was made on plaintiff's motion).

So it seems clear that this court must resolve the question as if it were the District Court sitting in the Eastern District of New York with reference to New York state law.

Though neither side has been able to cite an exact precedent, the result reached would not, in this court's opinion, be affected by the fact that the original attachment was solely for jurisdictional purposes with no claim asserted relating to security.

Defendant has made alternative motions that it be allowed to substitute for the funds now in the registry of this court "such interest bearing securities as shall meet the approval of the court and the plaintiff" or that it have the right to file a bond "in twice the amount of the monies now held * * * pursuant to the statutes of the State of Minnesota."

As to the first alternative motion, the court will approve any reasonable stipulations to this effect between counsel, or if such is not obtainable, would give consideration to approving the substitution of liquid United States government securities if so tendered. As to the second alternative motion, following the rationale of what the court has stated above, it would appear that the applicable New York law C.P.L.R. § 6222 provides for the posting of an undertaking "in an amount equal to the value of the property or debt sought to be discharged" and thus the court would give consideration to a request that a surety bond or undertaking be posted in the amount of the funds now in the registry plus $5,000 to cover interest and possible taxable costs.

The court on one occasion or more in the past, recognizing that registry funds bear no interest, has approved a stipulation by counsel for the removal of such and the deposit thereof in an institution where such would bear interest, on condition that the passbook be deposited with the Clerk of this court to abide further court order.

A separate order presently denying release of the funds on deposit in the registry of this court has been entered.