AMERICAN JEREX COMPANY, also known as American Ladder Company, a division of Chatham Corporation, Plaintiff,

v.

UNIVERSAL ALUMINUM EXTRU-SIONS, INC., Defendant.

Civ. A. No. 71 C 1633.

United States District Court, E. D. New York.

March 7, 1972.

Richard S. Wolfeld, Null, Cooperstein & Wolfeld, Garden City, N. Y., for plaintiff.

Max Wild, Rubin, Wachtel, Baum & Levin, New York City, for defendant-petitioner.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, a Delaware corporation, sued defendant, a New Jersey corporation, in the New York Supreme Court, Nassau County, to recover a money judgment for $40,261.57. Defendant removed the action to this court on grounds of diversity of citizenship. The complaint alleges that certain raw aluminum billets belonging to plaintiff, having a reasonable value of $40,261.57 were wrongfully received by defendant, which converted them to its own use and refused plaintiff's demand either to return the billets or pay their reasonable value. After removal, defendant served an answer denying the material allegations of the complaint and asserting six affirmative defenses and three counterclaims against plaintiff.

Upon commencing the action, plaintiff obtained *ex parte* in the State court a warrant of attachment against property and "debts owing to the defendant" within the State sufficient to satisfy plaintiff's demand and related costs and expenses. The attachment order also fixed plaintiff's undertaking in the sum of $6,200 to ensure defendant payment of all legal costs and damages should it

later be decided that plaintiff was not entitled to the attachment.

Defendant has moved (1) for summary judgment dismissing the action on the ground that plaintiff lacks capacity to sue; and (2) to vacate the attachment and void all levies made thereunder on the grounds that the attachment was improperly granted, is unnecessary for jurisdiction or security, and is unduly oppressive to defendant. In addition, a non-party, The First Pennsylvania Banking and Trust Company, of Philadelphia, Pennsylvania, designating itself as "petitioner" (hereinafter referred to as such), has filed a motion for leave to intervene in the action for the purpose of making a motion to vacate plaintiff's attachment and levies thereunder. As part of that motion, petitioner also asks the court to vacate and/or discharge the attachment, hold void any and all levies thereunder, and declare petitioner the owner of all defendant's accounts receivable which are subject to the attachment. The grounds urged for this relief are that petitioner is the assignee of those accounts receivable, is entitled to receive the proceeds thereof, and its interests will be impaired unless permitted to intervene and relief granted. The same attorneys appear for defendant and petitioner on their respective motions.

### 1. *Defendant's Motions*

■ In support of its motion for summary judgment, defendant points to the name of plaintiff in the caption of the complaint and the description of plaintiff in paragraph 1 thereof. The caption reads:

> AMERICAN JEREX COMPANY, also known as AMERICAN LADDER COMPANY, a division of CHATHAM CORPORATION,
>
> Plaintiff.

Paragraph 1 of the complaint describes plaintiff in these terms:

> 1. At all times hereinafter mentioned, plaintiff AMERICAN JEREX COMPANY, also known as AMERI-CAN LADDER COMPANY, was a division of CHATHAM CORPORATION, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

Defendant contends the foregoing conclusively establishes plaintiff's lack of capacity to sue (an affirmative defense raised in defendant's answer), since a division of a corporation is not a legal entity.

The court disagrees and considers defendant's contention captious. The complaint was verified in accordance with New York State practice prior to removal to this court. If the caption creates any doubt as to the identity of the real party in interest, *i. e.*, Chatham Corporation, a glance at the "Corporate Verification" would dispel it. Sworn to by Alan Birkenfeld, as "treasurer", the verification recites that it is based upon "his own personal information and the records of the *plaintiff corporation*" (emphasis supplied).

Birkenfeld's affidavit in opposition to this motion reaffirms that he is its treasurer; that the corporation is organized under the laws of the State of Delaware and qualified to do business in New York; that during the latter half of 1969 the corporation was engaged in the business of manufacturing ladders in Amityville, New York, under the trade name of American Jerex Company, and earlier under the trade name of American Ladder Company; and that these "company" names were used only to identify plaintiff under the common tradenames utilized by it.

There can be no serious question that Chatham Corporation has capacity to sue, is the real party in interest, and is sufficiently named in the complaint to satisfy the requirements of Rules 10(a) and 17(a) of the Federal Rules of Civil Procedure. Rule 17(a) is particularly apposite. It provides that "no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection" to cure the asserted defect. Once cured,

the rule provides, its effect shall be "as if the action had been commenced in the name of the real party in interest." Here there was no defect but at most an objection to surplusage. Defendant's motion for a summary judgment of dismissal on such a ground must be denied.

The other branch of defendant's motion seeks to vacate plaintiff's attachment on grounds of (a) insufficient *evidentiary* showing of a cause of action; (b) no need for an attachment since defendant has appeared in the action and there are no attachable assets in New York; and (c) defendant's alleged counterclaims in excess of plaintiff's demands. None of these grounds has merit.

■■■■ (a) Plaintiff secured the order of attachment in State court pursuant to § 6201, New York CPLR, which provides:

> An order of attachment may be granted in any action, . . . where the plaintiff has demanded and would be entitled . . . to a money judgment against one or more defendants, when:
>
> 1. the defendant is a foreign corporation. . . .

The attachment was granted on the basis of the verified complaint which alleges specific facts constituting a cause of action for a conversion of goods and demands a money judgment for the specific sum of $40,261.57 and an affidavit by a corporate officer establishing prima facie that defendant is a foreign corporation—a fact now admitted in defendant's answer. The verified complaint itself "may be treated as an affidavit (see CPLR 105(q)) and used by the movant to show that he has a cause of action." 7A Weinstein-Korn-Miller, New York Civil Practice ¶ 6212.03 at 62–83. The affidavit of verification sworn to September 27, 1971 by Alan Birkenfeld, as treasurer of plaintiff, specifies the grounds of his knowledge and belief as "His own personal information and the records of the plaintiff corporation." Thus enough is shown to support the attachment. Marklin v. Drew Properties Corp., 280 F.Supp. 176, 178 (S.D.N.Y.1967).

Here any ground of objection is further obviated by Birkenfeld's affidavit in opposition sworn to January 27, 1972. That affidavit sets forth facts and photocopies of records from apparently trustworthy sources, including some from defendant, which reinforce the claim that shipments of aluminum billets as alleged in the complaint were made to defendant for which no payment has been made. "[O]n a motion to vacate an order of attachment, the court is not restricted to the documents submitted in support of such attachment, but '*shall give the plaintiff a reasonable opportunity to correct any defect.*' N.Y.R. Civ.Prac. 6223 (emphasis added). . . . ." Worldwide Carriers, Ltd. v. Aris Steamship Co., 301 F.Supp. 64, 66 (S.D.N.Y.1968). If any evidentiary defect existed here, it has been cured.

■■■■ (b) That defendant has now answered the complaint and consented to the jurisdiction of this court is not a reason for regarding the attachment as unnecessary. Obtaining jurisdiction over a non-resident defendant is only one purpose of an attachment; the other is security to ensure ultimate payment of any judgment a plaintiff may obtain. Under New York law the defendant has "the burden of proof . . . to show that the attachment is unnecessary." George A. Fuller Co. v. Vitro Corporation, 26 A.D.2d 916, 274 N.Y.S.2d 600 (1st Dept. 1966). That burden is not satisfied by contentions that the security purpose of the attachment must fail because defendant's receivables in New York—the only property an attachment could reach—were already assigned to petitioner, and the attachment levies against defendant's customers are having an adverse effect upon its business. Defendant has not shown that the attachment was invalidly obtained or that plaintiff must ultimately fail on the merits. Accordingly, the attachment may not be vacated. B. B. Weit Printing Company v. Frances Denney, Inc.,

300 F.Supp. 405, 408 (S.D.N.Y.1969). If, as defendant states, the attachment levies are hurting its business, it has a remedy. Defendant can discharge the attachment by posting a bond. N.Y. CPLR § 6222.

(c) Defendant's counterclaims against plaintiff are likewise not a ground for vacating the attachment. The requirement of N.Y. CPLR R. 6212 that the papers on a motion for an order of attachment must show "the amount demanded from the defendant above all counterclaims known to the plaintiff" is construed to mean only those counterclaims that a plaintiff is willing to concede as just. 7A Weinstein-Korn-Miller, *supra*, ¶ 6212.05 at 62–90. Here defendant's answer asserting counterclaims was not served until after removal of the action to this court, and there is no indication that plaintiff concedes it owes anything to defendant by reason of those counterclaims. Plaintiff has in fact served a reply denying them. In short, the existence of a pending counterclaim which is contested does not defeat an attachment. B. B. Weit Printing Company v. Frances Denney, Inc., *supra*, 300 F.Supp. at 408.

In sum, defendant's contentions against plaintiff's attachment would entice the court to evaluate the merits of plaintiff's claim in advance of trial. But, as pointed out in Marklin v. Drew Properties Corp., 280 F.Supp. 176 (S.D.N.Y. 1967):

Under the law of New York it is settled that: " * * * the court should not attempt to decide in advance the merits of the controversy by vacating the attachment unless the complaint and affidavits *clearly indicate* that the plaintiff *must ultimately fail.*" (Emphasis in original; citations omitted.)

Defendant's motion to vacate the attachment must therefore be denied. Accordingly, there is no justification for granting defendant's request at this time to recover its alleged costs and damages, including counsel fees, suffered by reason of the attachment.

2. *Petitioner's Motions*

Petitioner, as noted above, is a Philadelphia bank. The interest it seeks to protect by intervention is a security interest in defendant's accounts receivable, some of which have apparently been levied upon pursuant to plaintiff's attachment. Petitioner's security interest arises from an Inventory and Accounts Receivable Loan Agreement (hereinafter "the agreement") entered into with defendant, as borrower, on June 22, 1970. The agreement by its terms "applies to such loans as Bank may from time to time in its sole discretion elect to make to Borrower which are secured initially by Borrower's Inventory and Accounts Receivable." The agreement further provides:

"4. To secure each loan made hereunder and all other of Borrower's Liabilities to Bank, Borrower hereby mortgages, assigns and grants to Bank a continuing security interest in the following (herein sometimes collectively called the 'Collateral') :

\* \* \* \* \* \*

(b) all of Borrower's Accounts Receivable including all existing Accounts and all Accounts hereafter coming into existence. . . . "

Petitioner asserts that by reason of the agreement it is a prior transferee for value and thus the "owner" of all defendant's accounts receivable wherever located, not defendant. Defendant affirmatively supports petitioner's assertion by affidavit of defendant's vice president, Oscar Cole, sworn to January 28, 1972, confirming the agreement. According to the Cole affidavit, petitioner has from time to time made advances of cash to defendant and has received the collection of defendant's receivables to reduce defendant's indebtedness, which is presently in excess of $350,000.

In those circumstances, they contend, sheriff's levies under plaintiff's attachment made against defendant's accounts receivable in New York are void because the debts seized had become the property of petitioner long before the

attachment came into existence. Essentially their position is that this court in *this* action can remedy the situation but only if it permits petitioner to intervene, since under New York law defendant has no standing to seek to invalidate an attachment or levies thereunder on the ground that title to attached property is in a third person. Katz v. Liston, 22 A.D.2d 205, 254 N.Y.S.2d 389 (1st Dept. 1964).

The threshold question appears to be one of first impression; *i. e.*, whether amended Rule 24(a) (2), F.R.Civ.P.,[1] authorizes intervention for the purpose of litigating an issue that at first blush seems quite collateral to the controversy between the original parties. Petitioner cites no authority other than the rule itself. The court's own research indicates that recent cases are in general agreement that Rule 24(a) (2) "requires three things: (1) the assertion of interest in the subject of the action, (2) a possibility that the disposition of the action may as a practical matter impede protection of the interest, and (3) inadequacy of representation of the interest by existing parties." Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1124 (5 Cir. 1970). See also Smuck v. Hobson, 132 U.S.App.D.C. 372, 408 F.2d 175, 178–181 (1969), and In re Oceana International, Inc., 49 F.R.D. 329, 331, 332 (S.D.N.Y. 1969). Reflected also is a flexible and widely varying interpretation of the content of these requirements in the interest of avoiding multiplicity of actions and efficiently disposing of litigation.

 Such precedent as there is dictates that petitioner be permitted to intervene in this action. Petitioner claims with some showing of substance that it has a legally protectable interest in property now in the custody of this court. Under New York procedure the attachment is ancillary to the action itself, not a separate proceeding, and the transcript of record on removal to this court so reflects. Thus property attached is now held "to answer the final judgment" of this court, 28 U.S.C. § 1450,[2] and it makes no difference that actual possession is presently in the hands of State sheriffs who made the levies. Bower v. Garnier Construction Co., 285 F.Supp. 50 (D.Nev.1967).

Plaintiff's attachment levies clearly relate defendant's accounts receivable to the subject of this action as "property or debts" which can be seized and held to satisfy the judgment plaintiff seeks. Had the action remained in State court, petitioner, as it points out, would be an "interested person" entitled to commence a special proceeding "against the plaintiff" to determine its adverse claim to such "property or debt" *prior* to application thereof to the satisfaction of a judgment in the action. N.Y. CPLR § 6221.[3] Although the federal rules pro-

---

1. That rule, as amended in 1966, reads in pertinent part:

 RULE 24. Intervention

 (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. (Fed.Rules Civ. Proc. rule 24, 28 U.S.C.A.)

2. Section 1450, Title 28 U.S.C., reads in pertinent part:

 Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court.

 All bonds, undertakings, or security given by either party in such action prior to its removal shall remain valid and effectual notwithstanding such removal.

3. Section 6221 authorizes the court in such a proceeding to vacate or discharge the attachment, "void the levy", and make other directions or grant other relief with respect to disposition of the property or debt. Indeed, in making the present motion, pe-

vide for no such procedure, it would be anomalous to leave petitioner without remedy because the action was removed to this court.

 Although the issues presented may be different, the ownership status of defendant's accounts receivable is now a question to be determined in this action. There is no requirement that an "interest has to be of a legal nature identical to that of the claims asserted in the main action", Diaz v. Southern Drilling Corp., *supra*, 427 F.2d at 1124. Intervention is the only practicable remedy available to petitioner. It cannot proceed in State court and requiring petitioner to commence a separate action here, even though the requisite diversity of citizenship exists, would be utterly inconsistent with the avowed aim of the Federal Rules of Civil Procedure and a formalistic exercise, since consolidation would surely be the end result.

There are other practical considerations for permitting intervention now. Aside from the due process aspects of this court retaining in its custody property which a non-party claims to own, there is a claim that customers of defendant who generated the accounts receivable are taking their business elsewhere because of the attachment levies. Petitioner asserts it has a "floating lien" on both present and future accounts receivable to secure large loans it made to defendant. If future accounts receivable are not generated because customers cease dealing with defendant, then petitioner may suffer a substantial impairment of its security interest. Thus, even assuming defendant should prevail in the main action, and the attachment be defeated, there may still be an irreparable loss to petitioner. While defendant may be expected to exert every effort to prevail in the action and is, of course, interested in retaining the good will of its customers, its interests are not wholly identical with those of petitioner. As already noted, it is disabled under New York law from taking any action with respect to the attachment levies except to post a bond in the amount of the judgment demand, which it may be unable or unwilling to do. Thus it cannot be said defendant adequately represents petitioner's interest. Intervention would clearly answer petitioner's need; defendant's ultimate victory in the action may not.

Petitioner's right to collect the amounts due on these accounts receivable, if its ownership claim is established, is undeniably being interfered with by plaintiff's attachment levies. Former Rule 24 was construed *obiter* as permitting a third party to intervene in a pending action wherein real estate had been attached and the third party, claiming ownership, asserted that the attachment constituted a cloud on his title preventing sale of the property. Trager v. Hiebert Contracting Co., 339 F.2d 530, 531–532 (1 Cir. 1964). In Plitt v. Stonebraker, 90 U.S.App.D.C. 256, 195 F.2d 39 (1952), the Court of Appeals reversed a district court order denying the transferee of a promissory note leave to intervene in a proceeding brought by other parties claiming ownership of the cash proceeds of goods which had been attached and sold by a United States Marshal in other litigation. The transferee claimed that the goods constituted security for the note. The court held that if the funds in the district court's custody were *"in a legal sense* such security, appellant would obviously be 'adversely affected' by delivery thereof to plaintiff or to Stonebraker, each of whom is claiming them as of right." 195 F.2d at 41; emphasis in original. The reasoning of these cases strongly supports the conclusion that petitioner here has an interest which, as a practical matter, can be effectively protected only by intervention in this action and that

titioner has followed the requirements of New York law by serving its notice of motion not only upon the plaintiff but also upon sheriffs in the counties comprising New York City and suburban areas who may have levied upon defendant's accounts receivable.

its motion for leave to intervene should be granted.

 As a second branch of its motion petitioner requests that if intervention is granted, the court proceed to vacate plaintiff's attachment and declare void any and all levies made pursuant to it. This is, in effect, asking for a summary judgment which cannot be granted unless the papers before the court show there is no genuine issue as to any material fact and that petitioner is entitled to a judgment as a matter of law. Rule 56(c), F.R.Civ.P. Plaintiff understandably opposes such a determination, pointing out that petitioner largely supports its request by an affidavit of its attorney, a member of the firm appearing for it and defendant on these motions, who would have no personal knowledge of the facts. That deficiency is not cured by the few facts contained in the reply affidavit of defendant's vice president.

For the reasons already indicated with respect to defendant's motions, petitioner would in no event be entitled to vacate plaintiff's attachment. At most it would be entitled to have the levies made against accounts receivable covered by the financing agreement declared void, if it established that those accounts were in fact covered by the agreement. Section 6221, N.Y. CPLR, provides for a hearing where there are issues of fact in a proceeding to void a levy under an attachment. Both issues of fact and issues of law going to the merits of petitioner's claim are presented. Petitioner's motion to vacate any levies under the attachment is therefore denied without prejudice to its right to have an early hearing and opportunity to establish its interest in the attached property.

Defendant's motions are in all respects denied. Petitioner's motion to intervene in this action is granted and its motion to vacate and/or discharge the plaintiff's attachment, and to declare void levies thereunder affecting accounts

receivable due defendant of which petitioner claims ownership, is denied at this time without prejudice to a prompt hearing on the merits of its claim.

Settle order on notice.