■ MARANATHA ASSOCIATES, INC., et al., Plaintiffs, v TITAN GROUP, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants; YAPHANK DEVELOPMENT COMPANY, INC., et al., Third-Party Defendants-Appellants. [609 NYS2d 368] —Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 11, 1993 in Sullivan County, which denied third-party defendants' motion to dismiss the third-party complaint.

Third-party defendants moved to dismiss the third-party complaint upon the ground that third-party plaintiff, Titan Group, a division of Hanover Companies Incorporated, has no standing to sue and that the third-party complaint fails to state a cause of action. Supreme Court denied the motion and third-party defendants appeal. We affirm.

It appears from a review of the evidence submitted on the motion that, prior to October 1984, defendant Titan Group Inc. was a publicly held Delaware corporation and that defendant Robert J. Frankel was its president and chief executive officer. By agreement dated October 5, 1984, Hanover Companies Incorporated merged into Titan Group and the resulting corporation carried on the name "Hanover Companies Incorporated". Because Titan Group's assets had been pledged to Safeco Insurance Company of America to secure loans made in 1978, the agreement provided that those assets were to be

segregated in "a separate and autonomous division of the Corporation" under Frankel's exclusive management and control for the benefit of the corporation and Safeco. In a separate "employment agreement", Frankel was granted authority to act on behalf of and bind the corporation with regard to the business and affairs of third-party plaintiff.

The fundamental premise underlying third-party defendants' motion to dismiss the third-party complaint is that third-party plaintiff, having no legal existence independent of Hanover Companies Incorporated (hereinafter the corporation), cannot enter into contracts or bring legal action. We disagree. In a case where there is shown to be an appropriate delegation of authority, an unincorporated division of a corporation can sue on behalf of the jural entity of the corporation of which it is a part (see, Matter of Orange County Publs. Div. of Ottaway Newspapers-Radio v White, 55 Misc 2d 42; American Jerex Co. v Universal Aluminum Extrusions, 340 F Supp 524). The decision of the Second Department in Sheldon v Kimberly-Clark Corp. (111 AD2d 912), merely holding that an unincorporated division may not be properly joined as a defendant in an action against the parent corporation, does not require a contrary conclusion.

We also reject the contention that the contract between third-party plaintiff and third-party defendant Yaphank Development Company, Inc. was void for lack of mutuality of obligation because of the provision that "this agreement is solely the responsibility of [third-party plaintiff] and should not be construed as a commitment or obligation of [the corporation]". In the case of a breach, Yaphank would have been free to sue third-party plaintiff through the legal entity of the corporation, the only contractual limitation being that, in the event of a judgment in its favor, Yaphank would be entitled to levy only against the separate assets of third-party plaintiff. As a final matter, we are unable, on this record, to determine the question of whether the corporation's delegation of authority to Frankel violated public policy, a question to be decided under the laws of Delaware (see, e.g., Diamond v Oreamuno, 24 NY2d 494, 503-504).

Cardona, P. J., Crew III, White and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.