### In the Matter of OCEANA INTERNATIONAL, INC., Debtor.
### No. 67 B. 1113.

United States District Court,
S. D. New York.

Dec. 3, 1969.

On Rehearing March 11, 1970.

---

Willkie, Farr, Gallagher, Walton & FitzGibbon, New York City, for petitioner Cap-Roc, Inc.; Andrew J. Simons, William T. Sullivan, New York City, of counsel.

Schwartz & Duberstein, Brooklyn, N. Y., for debtor; Warren Schwartz, Brooklyn, N. Y., of counsel.

## MEMORANDUM

TENNEY, District Judge.

This Petition to Review, certified to this Court on July 22, 1969, seeks reversal of an order of a Referee in Bankruptcy, dated July 8, 1969, denying the application of Cap-Roc, Inc. (hereinafter referred to as "Cap-Roc") to intervene in a proceeding between Oceana International, Inc. (hereinafter referred to as "Oceana") and the Bank of Commerce (hereinafter referred to as the "Bank"). By order of Judge Mansfield, dated July 31, 1969, all proceedings between Oceana and the Bank have been stayed until the issue before this Court is settled.

The facts underlying Cap-Roc's petition may be summarized as follows:

Alleging conspiracy to defraud, overreaching and unconscionable conduct, Oceana commenced a proceeding against the Bank in May 1969 to have two public auction foreclosure sales, at which the Bank purchased property, previously encumbered as collateral for three mortgages held by it, declared null and void. This property was subsequently sold by the Bank to Cap-Roc, the petitioner herein. Included among this property were certain moulds and dies presently used by petitioner in its production process. In addition, Oceana sought by its action to limit the scope of the Bank's mortgages to exclude the moulds and dies from their coverage.

Cap-Roc now seeks to intervene in the action between Oceana and the Bank as of right, pursuant to Fed.R.Civ.P. 24(a)(2), claiming an interest in the property which is the subject matter of the proceeding, and that any disposition of the matter in its absence will impede its ability to protect such interest, which, it claims, is not adequately represented by the existing parties. Such allegations, of course, are consistent with the requirements for intervention as of right set forth in the 1966 Amendment to Rule 24, which, in pertinent part, provides:

" * * * [A]nyone shall be permitted to intervene in an action:

" * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

From the record below, it appears that Oceana, by its attorney, stipulated not to use any favorable judgment obtained against the Bank as a basis of *res judicata*, collateral estoppel or estoppel by judgment in any subsequent action it may bring against Cap-Roc.[1] The Referee, relying upon that stipulation, concluded "that there * * * [was] no doubt that Cap-Roc * * * [did] not have a right to intervene as a matter of right."[2]

---

1. Minutes of hearing before Hon. Edward J. Ryan, at 13 (dated July 1, 1969).

2. *Id.* In a later hearing, however, the Referee explained that this was not the

██ Prior to the 1966 Amendment to Rule 24, in order to intervene as of right in an action, an applicant had to be bound by any judgment rendered therein. In abandoning this requirement, it was noted that "the deletion of the 'bound' language frees the rule from undue pre-occupation with strict considerations of res judicata."[3] Oceana's stipulation should, therefore, have been irrelevant in determining Cap-Roc's application, as it is no longer required that a party be bound by a proceeding in order to intervene therein. Nuesse v. Camp, 128 U.S.App.D.C. 172, 385 F.2d 694, 701 (1967). Similarly, the fact that a party may not be bound by a proceeding should not thereby preclude it from intervening therein as of right, in a proper case. Moreover, as will be discussed *infra,* the effect of the principles of *stare decisis* should also be considered in determining a party's right to intervene.

██ The collective requirements for intervention as of right may be enumerated as follows: 1) the applicant must have an interest in the property or transaction which is the subject of the action; 2) the applicant's ability to protect such interest may be impeded by any disposition of the action in his absence; and 3) the applicant's interest must not be adequately represented by the existing parties to the action.

██ Cap-Roc's interest in the property and transaction is manifest; it has possession of the property and is using it in its production process. Its interest in the transaction is also bottomed on its possessory right; that is, the auction sale's validity will necessarily affect the quality of its title. Accordingly, I find that when a party seeks to intervene in a proceeding which could ultimately vitiate its title and right to possess property which is the subject of that action, sufficient interest exists to intervene therein as of right.

██ It is equally clear that Cap-Roc's ability to protect its interest may well be impaired if the proceeding were to continue in its absence. Admittedly, Oceana cannot recover the property from the Bank, but if it is successful in its action against the Bank Cap-Roc's title will certainly be made vulnerable by the force and effect of the principles of *stare decisis.* Indeed, these principles may often supply the practical disadvantages warranting intervention as of right. Nuesse v. Camp, *supra* at 702. A victory for Oceana in its action against the Bank would be persuasive authority in any subsequent proceeding brought by Oceana against Cap-Roc, despite the gratuitous stipulation on the record below. It should be noted that although the plan of arrangement was amended to eliminate its contingent effectiveness on the recovery of the property, Cap-Roc's ability to protect its interest would still be impaired if it were not allowed to intervene. This is because Oceana's petition against the Bank remains unamended, and therefore still seeks a declaratory judgment that would jeopardize Cap-Roc's title.

██ The final issue for consideration is whether Cap-Roc's interest is adequately represented by the Bank. I find that it is not, primarily because of Cap-Roc's vulnerability to future action seeking recovery of the moulds and dies. The Bank is defending an action which, of course, could result in its liability for money damages. Cap-Roc, on the other hand, is seeking to defend title (a possessory right) to property presently used in its production process. Although Cap-Roc's title is derived from

sole basis for denying the application to intervene, and added that the applicant made no showing that its interest was not adequately protected. Minutes of hearing before Hon. Edward J. Ryan, at 10 (dated July 23, 1969).

3. Notes of Advisory Committee on Rules, 28 U.S.C.A. R.24 (1958), as amended (Supp.).

the Bank, their interests are not identical. Admittedly, there is some similarity in the *issues* facing both the Bank and Cap-Roc, but the *interests* each seeks to protect are quite different. Indeed, the Bank has acknowledged that there may be a conflict of interest between itself and Cap-Roc, and urges that Cap-Roc be allowed to come in to present its position and protect its interests.[4] These statements are, of course, not dispositive of the issue of adequacy of representation, but they do merit consideration. See 3B J. Moore, Federal Practice ¶ 24.09 at 24–316 (2d ed. 1969).

Accordingly, and for the foregoing reasons, petitioner's motion is granted and the order of the Referee below is reversed.

So ordered.

## ON MOTION FOR REARGUMENT

TENNEY, District Judge.

Oceana International, Inc. (hereinafter referred to as "Oceana") moves pursuant to General Rule 9(m) of this Court for an order granting it leave to reargue and resettle an order of this Court dated and entered December 3, 1969. Oceana further seeks to restrict the scope of the December 3rd order, permitting intervention, by moving for a revised order precluding Cap-Roc, Inc. (hereinafter referred to as "Cap-Roc"), the intervenor herein, from interposing any defenses or objections that would oust the Bankruptcy Court of jurisdiction of the proceedings pending before it. The salient facts, having been previously set forth, need not be restated herein.

Initially, it should be noted that Oceana concedes that the scope of Cap-Roc's right to intervene was not raised on the motion to intervene, the Petition to Review, nor in the argument on the Petition to Review.[1]

Since this issue was never presented to the Court, it follows that it could not have been overlooked. If Oceana wished any permitted intervention to be limited in scope, it was incumbent upon it at the time it opposed Cap-Roc's efforts to intervene to contend that any intervention ordered by the Court be subject to the conditions and limitations it now seeks to impose. Oceana flatly states on page one of its memorandum in support of this motion that "[n]either the motion for leave to intervene, the petition to review nor the argument on the petition to review raised the question of conditions or limitations on the right of Cap-Roc, Inc. to intervene." Having thus failed to raise the issue of conditional or limited intervention either before Referee Ryan below or this Court, Oceana is precluded from raising this issue for the first time on a motion for reargument. It seems axiomatic that the Court is capable of overlooking only those matters presented to it and that matters not raised can not be overlooked.

However, even assuming that these issues were before the Court by virtue of Fed.R.Civ.P. 24(c), which requires that motions to intervene be accompanied by a pleading setting forth the claims or defenses for which intervention is sought, and that the intervenor's answer did in fact raise issues relative to the scope of its intervention, resettlement of the December 3rd order in the manner suggested by Oceana would still be unwarranted, since one who intervenes as of right should always be permitted to question the court's jurisdiction over the subject matter. Scattergood v. American Pipe & Construction Co., 249 F. 23 (3rd Cir. 1918); 3B J. Moore, Federal Practice ¶ 24.16(2) at 24–611 (2d ed. 1969). Once intervention as of right has been granted, an intervenor should be entitled to litigate fully on the merits, see Park & Tilford, Inc. v.

4. *Supra* note 1, at 10.

1. Oceana's Memorandum of Law in support of motion for leave to reargue and resettle the order of December 3, 1969 at 1, 3.

Schulte, 160 F.2d 984 (2d Cir. 1947), and be considered a party for all purposes, In re Raabe, Glissman & Co., 71 F.Supp. 678, 680 (S.D.N.Y.1947).

To amend the December 3rd order so as to preclude Cap-Roc from raising the issue of the jurisdiction of the Bankruptcy Court would not only work an injustice on Cap-Roc, but would serve to tie the hands of that Court. This Court will not make the idle gesture of granting a party "an absolute right to intervene in order to protect his interest, * * * [and then bar him] from raising questions necessary for his own protection." 3B J. Moore, *supra* at 24–631.

Accordingly, and for the foregoing reasons, the motion for reargument and resettlement is in all respects denied.

So ordered.