**NATIONAL METALCRAFTERS, a Delaware corporation, Plaintiff,**

v.

**Donald J. McNEIL, Superintendent, Wage Claims Division, Illinois Department of Labor, Defendant,**

and

**Betty Johnson, et al., Intervenor-Defendants.**

No. 84 C 2190.

United States District Court, N.D. Illinois, E.D.

July 25, 1984.

Philip V. Carter, Mark A. Casciari, Robert C. Long, J. Stephen Poor, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for plaintiff.

Irving M. Friedman, Ann C. Hodges, Stanley Eisenstein, Katz, Friedman, Schur & Eagle, Chicago, Ill., for intervenor and defendants.

Richard J. Puchalski, Sp. Asst. Atty. Gen., Chicago, Ill., for defendant.

### Memorandum

LEIGHTON, District Judge.

The cause is before the court on plaintiff's motion for reconsideration of the court's order of March 20, 1984, granting leave to intervene to Betty Johnson and other of plaintiff's employees similarly situated. For the following reasons, after reconsideration, the court adheres to its earlier order.

I

In this suit, plaintiff challenges an order which defendant McNeil issued in state administrative proceedings, pursuant to the Illinois Wage Payment and Collection Act, that requires plaintiff to disburse $115,529.75 in vacation pay benefits to certain of its employees represented by UAW; plaintiff's theory is that this order is invalid in that the Illinois Wage Payment and Collection Act is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., and the National Labor Relations Act (NLRA), 29 U.S.C. §§ 141, et seq. The parties previously granted leave to intervene are the employee union members entitled to the $115,529.75 fund in the event McNeil's order is honored by plaintiff.

Under Rule 24(a)(2), Fed.R.Civ.P., parties may intervene as of right when (1) they claim an interest in the property which is

the subject matter of the suit; (2) they are so situated that the disposition of the action may, as a practical matter, impede or impair their ability to protect that interest; and (3) their interest is inadequately represented by the original parties. This court has no trouble concluding that intervening defendants qualify for intervention as of right.

▮▮▮ Plaintiff has not and cannot challenge intervening defendants' satisfaction of the first two prongs of the intervention test; it is obvious that as potential recipients of the $115,529.75 they have a stake in this litigation which could be adversely affected by the court's disposition of the case. *See, e.g., Calvert Fire Insurance Co. v. Environs Development Corp.*, 601 F.2d 851, 857–859 (5th Cir.1979). The only objection plaintiff attempts to muster against intervention as of right is that their interests are adequately represented by defendant McNeil. But, as conceded by defendant McNeil, his objectives and those of the intervening defendants are, in fact, divergent in this instance because he is more desirous of obtaining a ruling on the preemption question than he is in seeing to it that intervening defendants get paid as expeditiously as possible. This showing of divergent interests alone is adequate to establish inadequacy of representation with respect to the intervention issue. *See New York Pub. I.R.G., Inc. v. Regents of Univ. of St. of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975).

Further in this regard, the court notes that, in the event there is a ruling that ERISA and the NLRA preempt Illinois law, intervening defendants have protected their interests by filing a counterclaim for disbursement of the subject funds pursuant to federal law; defendant McNeil lacks standing to assert such a counterclaim. The court concludes, accordingly, that intervening defendants have made a more than adequate showing that their interests are not adequately represented by the original defendant. Therefore, they are entitled to intervene as of right.

## II

Plaintiff argues in the alternative, however, that any order of intervention entered by this court should preclude intervening defendants from seeking to move for the dismissal of this suit; it characterizes a motion for dismissal on grounds of abstention previously filed by defendants as raising "collateral" issues that threaten unduly to delay the adjudication of the rights of parties. It is questionable whether the court has the authority to impose such a condition on defendants' intervention as of right since Rule 24(a) contains no language authorizing such a measure. *See* 7A *Wright & Miller, Federal Practice And Procedure* at § 1922, p. 624.

▮▮▮ However, even if the court had the authority, it would not be exercised in this instance. After all, it is well established that intervenors as of right may challenge the subject matter jurisdiction of the court. *See, e.g., In Re Oceana International Inc.*, 49 F.R.D. 329 (D.C.N.Y. 1970). Moreover, the abstention issue that defendant describes as "collateral" has already been injected into this litigation as an affirmative defense filed by defendant McNeil. The court agrees with intervening defendants that it would be anomalous indeed for the court to preclude them from raising that which has previously been raised by their co-defendant. Therefore, after reconsideration, the court adheres to its order of March 20, 1984, granting leave to intervene to Betty Johnson and those similarly situated; furthermore, that order will not be revised to include as a condition of intervention a requirement that intervening defendants not move to dismiss this action. Accordingly, the court will place intervening defendants' previously filed motion to dismiss on a briefing schedule.

So ordered.